## Kohlman v. Moore, et al.

(Decided May 22, 1917.)

## Appeal from Muhlenburg Circuit Court.

1. New Trial—Unavoidable Casualty—Diligence.—A new trial will not be granted on the ground of unavoidable casualty and misfortune if the matters complained of could have been prevented by the exercise of reasonable diligence and foresight by the complaining party or his attorney, and anything which occurred through the failure to exercise such diligence and foresight by the party or his attorney is not the result of unavoidable casualty or misfortune.

2. New Trial—Want of Diligence.—Where a defendant left with the clerk an answer to be filed by him at an approaching rule day, which the clerk did not do, and a month or more later judgment was taken against the defendant, there being no answer filed. Held, that the failure of the answer to be filed was the result of such negligence and want of diligence as will prevent the defendant from obtaining relief upon the ground of unavoidable casualty and misfortune, there being nothing to show any bad faith on the part of the opposing party or his attorney. In such case the defendant made the clerk his agent for the purpose of filing the pleading at the proper time, and must be held responsible for his failure to do so.

W. H. YOST and HAZELRIGG & HAZELRIGG for appellant.

HUBERT MEREDITH, W. J. ROSS and DOYLE WILLIS for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Union Uzzle died testate a resident of Muhlenburg county, and left surviving him five children, to whom he devised his property, a part of which was a tract of land situated in the county of his residence. One of his sons, Carl Uzzle, was appointed and qualified as executor of the will, and, in accordance with its directions, without executing bond. He took charge of the property, looked after the real estate, as well as the collection of debts, and other matters pertaining to that position, and on June 12, 1910, some of the children, devisees under the will, brought suit to sell the tract of land for the purpose of division. Two days thereafter another suit was filed, seeking to surcharge some settlements which the executor had made with the county court, and alleging in substance that he was misappropriating the funds of the

estate and otherwise failing to discharge his duties as executor, and claiming that upon a fair settlement he was indebted to the estate in the sum of $1,500.00.

Some time after those two suits had been filed, it was discovered that the appellant here held a note against the executor which was secured by a mortgage duly executed by him upon his undivided one-fifth interest in the land. An amended petition was filed in September, 1910, making the appellant a party, and calling upon him to assert his pretended lien, which plaintiffs controverted.

At the following January, 1911, term of the court the land was ordered to be sold, but at that time no answer or pleading of any character had been filed by appellant, but in the judgment ordering the sale it is recited that "he is given until rule day in March, 1911, to file his answer, and said Kohlman's claim, if any he has, is not now litigated." It is furthermore recited in that judgment that appellant consented to the sale and agreed that he would litigate his right as against the funds arising from the sale. While it does not appear of record, we are informed by briefs of both sides that the attorney for the appellant was present in court at that time, or at any rate agreed to the judgment.

At the following April term of the court, no answer or pleading of any character having been filed by the appellant, a judgment was entered concluding his rights and denying his claim. A considerable while after the entry of that judgment this proceeding was instituted under the provisions of section 518 of the Civil Code of Practice for the purpose of obtaining a new trial "for unavoidable casualty or misfortune preventing the party from appearing or defending."

With the petition was filed what is claimed to be a copy of an answer in the original case prepared and left with the clerk of the court. Just when the petition for a new trial was filed cannot be ascertained from the record. In fact, it is recited therein that it was filed May 12, 1915, but depositions were taken in the case in 1913, and orders were made in the case prior to the date the petition is shown by the record to have been filed. We gather, however, that these apparent inconsistencies are due to the fact that not only the papers in the original case became and remained for a long while lost, but also the petition in this case shared a similar fate, and that the date of the filing, as appears of record, is the one when the original pleadings were substituted in the trial

court by the filing of copies. This conclusion is fortified by the fact that the answer in this present case is also shown by the record to have been filed on the same day which it shows the petition was filed. With the record in this condition, and both sides conceding the facts to be substantially as we have stated, we have concluded to accept the explanation made in the briefs and to dispose of the case accordingly.

From the sources mentioned, we find that this present case was filed on January 19, 1912, and the facts therein averred as constituting the grounds for the relief sought are that appellant's attorney prepared his answer in the original case in February, 1911, and left it with the clerk of the Muhlenburg circuit court to be filed by him at the regular March rule day, in accordance with the judgment rendered at the preceding January term of the court, wherein appellant was given until that time to file his answer; that the clerk by some oversight or mistake failed to file the answer and that it was not filed at the time the judgment precluding appellant's rights was entered at the following April term of the court.

An answer was filed in this case denying all of the material allegations of the petition, as well as those found in the answer prepared to be filed in the original suit, and in addition alleging that the pretended note which appellant claimed to hold was without consideration and executed through fraud attempted to be practiced by Carl Uzzle and appellant in an effort to prevent the heirs from collecting anything from the former.

It might be necessary to here state that in the original proceeding the executor filed no pleading, and judgment was entered against him in favor of the plaintiff therein in the sum of $1,500.00, representing the amount which he as executor had misappropriated.

The testimony taken upon the present case for the appellant was the deposition of his attorney, which fully and completely sustained the allegations of the petition. The deposition of the clerk is that neither in February, 1911, nor at any other time, did plaintiff, or any attorney for him, including the one who was representing him at the time, file, lodge, or leave with him any character of pleading in behalf of appellant. The deputy clerk, who was a young lady, says in her deposition that if any such paper was left with her she has no recollection whatever concerning it. The books of the office contain no notice of any such paper having been filed or lodged, al-

though it is shown that when such papers are filed nota-tion would be made of it.

Notwithstanding this, the attorney for appellant is one of such high standing, and unimpeachable integrity, that we are convinced that he did leave the paper in the clerk's office at the time he claims that he did so, but that neither the clerk nor the deputy had their attention riveted to the fact sufficiently to make a note of it, and that the matter thus passed unattended to. We say this because we can easily see how a transaction of this char-acter may have happened in that manner. So, the ques-tion is, do the facts testified to by appellant's attorney justify the court in granting a new trial on the grounds relied upon?

Under our practice there are only three occasions when an answer may be filed in an equity case such as this is—one is on the third day of the term after the defendant has been duly and regularly summoned (sec-tion 102 of the Civil Code); another is in vacation by filing it in the clerk's office within the time previously allowed by court with a notice to the adverse party (sec-tion 108 of the Civil Code); and the other is upon rule day, which is the first Monday in each month after the defendant has been duly and regularly summoned (sec-tion 367a, Civil Code of Practice).

It is not contended that what was done toward filing the answer of appellant in the original case complied with either of those three provisions of the Civil Code. At most, what was done was but constituting the clerk, or his deputy, the agent of appellant for the purpose of filing the answer at the succeeding rule day, which would have been the first Monday in March, 1911. The failure of the clerk to file the answer at that time, if not pre-vented by some unavoidable casualty occurring to him, must be considered, under the practice prevailing in this state and elsewhere, as the failure of the litigant. Reese Lumber Company v. Licking Coal & Lumber Company, 156 Ky. 723. In that case the agent of a corporation upon whom summons was properly served, as provided by law, neglected and failed to notify his principal in time for it to make a defense, and judgment was taken against it by default. Subsequently it endeavored to procure a new trial under the provisions of the code now under consid-eration, one of the grounds of which was the same relied upon here. Several questions were raised with reference to the proper return of the sheriff, and concerning other

matters not relevant here, and this court, in denying the relief, said:

"No court has ever granted the unsuccessful litigant a new trial upon the ground that the negligence of himself or his agent prevented him from making his defense to the action. In this case both appellant and its agent, Cook, according to their own showing, were guilty of negligence; the former in failing to advise the public through the filing of the necessary written statement with the Secretary of State that Cook was not its agent or the proper person upon whom to serve process, and the latter in failing to notify appellant of the service upon him of the summons in the action in which the judgment complained of was rendered, the negligence of either presented a sufficient reason for the refusal by the circuit court of the new trial asked by appellant."

In the case of L. & N. R. R. Co. v. Paynter's Admr., 125 Ky. 533, in discussing the true meaning of the terms "unavoidable casualty" and "misfortune," it is held that such casualty or misfortune as could be guarded against by reasonable diligence is not such as is contemplated by the use of those terms in the section, *supra*, of the code.

In 23 Cyc. 943, with reference to the true legal meaning of the phrase "unavoidable casualty or misfortune," as applied to proceedings like this, it is said:

"Where statutes authorize the vacation of judgments on account of "unavoidable casualty or misfortune" they mean an accident or mishap arising from causes beyond the party's control, and which he could not have guarded against in the exercise of due foresight and diligence."

We fully recognize, however, as do all of the authorities, that the term under consideration, as used in proceedings of this kind, does not have its broad meaning as signifying "events or accidents which human prudence, foresight and sagacity cannot prevent," as it is defined in standard works, but from the authorities, *supra*, it does mean, in cases like this, that there must have been reasonable and due diligence exercised before it can be said that the party is a victim of unavoidable casualty and misfortune.

A case presenting a question somewhat analogous to this is that of Roberts Cotton Oil Co. v. Dodds & Johnson, 163 Ky. 695. In that case the motion and grounds for a new trial was not filed by an order of court, as is

required to be done, but it was left with the clerk of the court within the time provided for it to be filed. This was deemed by this court to be insufficient and producing a situation as though none had been filed, the court saying:

"But the rule is firmly established that the motion for a new trial must be made in court; a filing of the motion and grounds in the clerk's office does not satisfy the requirement of the code."

A reading of the facts of that case will show that they present a strong appeal for the court to depart from the regular rules of practice prescribed by the code, but this court, enforcing a substantial compliance with such rules, declined to grant the relief. See, also, Klein v. Meyers, 24 Ky. Law Reporter 183, and Boyle v. Stivers, 109 Ky. 253.

If the clerk, at a time, or in a manner, not prescribed by the code cannot properly receive or file a motion for a new trial, we fail to see how he could properly receive and file a pleading at a time or in a manner not prescribed by the same code. Bone v. Blankenbaker, 24 Ky. Law Reporter 1438; Payton v. McQuown, 97 Ky. 763.

It is the settled policy of the law that there should be as speedy an end to litigation as possible, and to accomplish this a party litigant is required to exercise foresight and diligence to prepare his case for trial. When he fails to do this, and the result is an adverse judgment against him, he has no one to blame but himself, and the policy of the law above referred to forbids that he should be granted relief.

If a litigant, by himself or attorney, entrusts the filing of a pleading which under the rules of the prevailing practice must be legally filed in the future, to another, although he be the clerk of the court, he does so at his peril and is bound, under the law of agency, for the consequences of that other person's failure to fulfill the trust.

However much our inclinations might be to extend a helping hand to the appellant, we do not believe we are authorized to do so under the rules of practice established in this state by the authorities, *supra*, and many others which might be appended.

We, therefore, conclude that the judgment of the court in dismissing the petition was correct, and it is affirmed.