### R. M. WEST V. THE STATE.

No. 10899.　Delivered May 11, 1927.

Rehearing denied February 8, 1928.

**1.—Carrying a Pistol—No Statement of Facts—No Bill of Exception.**

This record does not contain either a statement of facts or bill of exception, and the judgment is affirmed.

ON MOTION FOR CERTIORARI TO CORRECT RECORD.

**2.—Same—Filing of Complaint by Clerk—Rule Stated.**

By motion for writ of certiorari appellant seeks to show that the file mark of the County Clerk on the complaint herein was not correct, and that the complaint was not endorsed as filed with the clerk until after the filing of the information.

**3.—Same—Continued.**

The mere failure of the clerk to place a file mark on the complaint does not vitiate it. The delivery of the complaint to the clerk is a filing in law. If a complaint and information is delivered to the clerk at the same time, the file mark on the information will be considered as relating to both papers. When the clerk fails to make an endorsement of filing on the complaint when same is delivered to him, the court may thereafter permit him to do so as of the date of filing. See Stalcup v. State, 99 Tex. Crim Rep. 415, and other cases cited in opinion on motion for certiorari.

**4.—Same—Arrest of Judgment Properly Refused.**

A motion to quash because there is no file mark on the complaint should be made before the trial, and a motion in arrest of judgment on this ground, after verdict, can not be raised. See Jessel v. State, 42 Tex. Crim. Rep. 72.

Appeal from the County Court of Grimes County. Tried below before the Hon. Ralph W. Barry, Judge.

Appeal from a conviction for carrying a pistol, penalty a fine of $100.00.

The opinion states the case.

*S. W. Dean* of Navasota, for Appellant.

*Sam D. Stinson,* State Attorney, and *Robt. M. Lyles,* Assistant States Attorney, for the State.

MORROW, Presiding Judge.—The conviction is for unlawfully carrying a pistol; punishment fixed at a fine of one hundred dollars.

The record is before us without statement of facts or bills of exceptions. The complaint and information appear regular. No fundamental error having been perceived or pointed out, the judgment is affirmed.

*Affirmed.*

ON MOTION FOR CERTIORARI TO CORRECT RECORD.

MARTIN, Judge.—Appellant has filed motion for writ of certiorari to correct the record on appeal in the following respect:

It is alleged by him that the record has been changed and the file mark placed on the complaint long after the filing of this

case in the County Court, in that the information was filed in the County Court on February 24, 1926, and no complaint was filed until September 2, 1926. By certificate of the County Clerk it is shown that his name, that is the name of the County Clerk, was above the file mark prior to September 2, 1926, and that on or after that date he placed his name under the date of filing. The complaint is marked "Filed February 24, 1926," which date is contemporaneous with the date shown on the information. In other words the record shows that a correct file mark was in fact on the complaint but the name of the clerk was above the same instead of below, until on or after September 2, 1926.

Motion in arrest of judgment was made and overruled and the order overruling said motion recites that evidence was heard.

The mere failure of the clerk to place a file mark on the complaint does not vitiate it. Stalcup v. State, 99 Tex. Crim. Rep. 415. The delivery of the complaint to the clerk is a filing in law. Brogdon v. State, 63 Tex. Crim. Rep. 475. The court seems to have heard evidence on this matter and nothing is shown in the record or in the motion to rebut the presumption of law that his ruling was correct. In support of his ruling we must presume that the complaint was in fact delivered to the clerk which would be a sufficient filing in law even if the clerk had never placed a file mark on it. Authorities supra. Then again if the complaint and information had been attached together and presented at the same time, and file mark on the information will be considered as relating to both papers. Stinson v. State, 5 Tex. Crim. App. 31. Stalcup v. State, 99 Tex. Crim. Rep. 415. For full collation of authorities see Art. 415, Vernon's C. C. P., Vol. 1, p. 317.

If the clerk failed to make an indorsement of filing on the complaint when same was presented to him, the court may thereafter permit him to do so as of date of filing. Brogdon v. State, 63 Tex. Crim. Rep. 475. Besides a motion to quash because there is no file mark on the complaint must be made before the trial and the point cannot be raised by motion in arrest of judgment. Jessel v. State, 42 Tex. Crim. Rep. 72.

It therefore appears that if the record were perfected in the respects pointed out, it would present no error and would be an altogether useless procedure and waste of time. The motion is therefore accordingly overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.