## Campbell v. Mason, Sheriff, et al.

(Decided May 18, 1937.)

H. C. CLAY & SONS for appellant.

WM. LEWIS & SON, GEORGE S. CRAWFORD and WILLIAM A. HAMM for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

At an election held on December 15, 1936, for the purpose of taking the sense of the legal voters of Laurel county upon the proposition whether or not spirituous, vinous, or malt liquors should be sold in such county, 2,503 voters voted "yes" or in favor of the adoption of the local option law in that county, and 1,141 voted to the contrary. After the result of the election had been duly certified, Richard Campbell, a citizen, resident, and qualified voter of the county, instituted this action against the members of the county board of election commissioners of Laurel county contesting the election on a number of grounds.

Summons was served on Mrs. Fred L. Mason, as sheriff and ex officio member of the county board of election commissioners, and on Arlie Magee, a member of such board on January 9, 1937, and on Bill McHargue, the other member of the board on January 11, 1937. The parties are referred to in the record and in briefs as plaintiff and defendants, rather than contestant and contestees, and we shall do likewise.

On January 29, one of the attorneys for defendants went to the office of the clerk of the Laurel circuit court and handed to his deputy a general demurrer to the petition, a motion to require plaintiff to make the petition more definite and certain in a number of particulars, and also the joint answer of the defendants. The deputy clerk made on the demurrer the following indorsement, "Demurrer lodged in the clerk's office on January 29, directed to be filed on February 1, 1937, rule day. A copy of this demurrer delivered to plaintiff's counsel on January 30, 1937." The motion and answer were similarly indorsed.

On rule day, February 1, 1937, the following order was entered: "This day came defendants herein, by counsel, and produced and filed a demurrer to the plaintiff's petition in this case, and on motion of said defendants, it is ordered that the filing of said demurrer be and same is hereby noted of record." The same

character of order was made with reference to the motion and answer.

On the same rule day, plaintiff filed a motion to strike from the record the demurrer, motion, and answer of defendants because neither of such pleadings had been filed within 20 days after the service of the summons on defendants as required by law, and without waiving the motion to strike, filed a general demurrer to the answer, and without waiving motion or demurrer, filed reply completing the issues.

On final hearing the court rendered an extended opinion and adjudged that the petition be dismissed and plaintiff take nothing thereby and defendants recover the costs, and plaintiff is appealing. Since all questions discussed by counsel for respective parties were in issue in the pleadings, we deem any further recitation of the allegations of the pleadings unnecessary.

It is first argued by counsel for appellant that their motion to strike the demurrer, motion, and answer filed by appellees should have been sustained because not filed within 20 days after the service of summons as is mandatorily required by law. The statute relating to local option elections (section 2554c-13) provides that contest of such elections shall be conducted in the same manner as contest of general elections of county officers as provided in section 1596a-12, Kentucky Statutes. Section 1596a-12 provides that in a contest of general election of county officers, the contestee shall file his answer within 20 days after the service of summons upon him. It is the contention of counsel for appellant that the answer was not filed until rule day on February 1, which was not within 20 days after the service of summons on Bill McHargue; and that even if the answer be treated as filed on January 29, that was not within 20 days after summons had been served on Mrs. Mason and Arlie Magee, and that in either event the answer came too late.

The right to contest elections is purely statutory and controlled by the statute. In elections on public questions of this character, there would not, in the absence of a statute, be any one against whom a contest proceeding could be instituted. To circumvent such an anomalous situation, it was provided by section 2554c-13

that in local option elections the members of the county election commission should be named as contestees and process served on them, but that any qualified elector might intervene by filing a petition to be made a party and thereby become a contestee. The purpose of this statute is manifest, and it is apparent that it was intended thereby that any one or more of the members of the county election commission or any voter or voters of the county might resist the contest.

Without determining whether a default judgment would be authorized in the contest of election on a public question because of the failure of those who may be designated as contestees to file answer, it is our conclusion that if the answer in this instance was filed on the 29th day of January, the court did not err in refusing to strike the answer even though it was not filed within 20 days after summons had been served upon Mrs. Mason and Arlie Magee, since under any rule for computation of time, it was within 20 days after summons had been served on Bill McHargue and his answer alone would have been sufficient.

It is earnestly argued by counsel for appellant that the answer was not filed on January 29, but as shown by the clerk's indorsement on the pleading it was lodged with the clerk on that day with directions to file it on February 1, rule day. Evidence was heard on that question. The deputy clerk testified that the answer was lodged with him on January 29 with directions to file on rule day, February 1, and that he followed the directions of the attorney; however, he delivered copies of the answer, demurrer, and motion to counsel for appellant on January 30. The attorney for appellees testified that he gave the answer and other pleadings to the clerk or his deputy on January 29 to be filed in the case, but without any directions to the clerk. In Kohlman v. Moore, 175 Ky. 710, 194 S. W. 933, it was held that where a defendant left an answer with the clerk of the court to be filed on a future rule day, he constituted the clerk the agent of himself and his client and the failure of the clerk to file the answer in the absence of unavoidable casualty should be treated as the failure of the litigant; but according to the evidence for appellees there was no direction in this instance to withhold the filing of the pleading until a future date.

In Daniel v. Blankenship, 177 Ky. 726, 198 S. W.

48, it appears that a party had delivered a certificate of nomination to the clerk with a request that it be filed. It was held that this constituted "filing" within the contemplation of the election law notwithstanding the failure of the clerk to indorse on the paper over his signature the day and the fact of its filing. In Day & Congleton Lumber Co. v. Stadlet & Co., 139 Ky. 587, 69 S. W. 712, 714, 24 Ky. Law Rep. 640, the court after referring to the provisions of section 669 of the Civil Code of Practice, which provides that "the clerk shall indorse, upon every paper filed in an action, the day of filing it," said:

"A paper is filed by lodging it with the clerk of the court, where it is permissible to be done. His endorsement is evidential only of the fact and time of filing."

In Commonwealth v. O'Bryan, Utley & Co., 153 Ky. 406, 155 S. W. 1126, 1128, it is said:

"Originally the filing of a paper consisted in having the proper officer put it upon a string—filum —upon which the other papers in the proceeding were placed. In modern times it is usually held that a paper is filed on behalf of the party who is required to file it when he has presented it at the proper office and left it with the person in charge thereof and paid the fees for filing, if any are required."

In West v. State, 108 Tex. Cr. R. 647, 2 S. W. (2d) 271, it was held that a delivery of a complaint to the clerk in the proper office was in law a filing of the complaint; and in Blair v. Cleveland, C., C. & St. L. Ry. Co. (D. C.) 45 F. (2d) 792, it was held that "filing" is actual delivery to the clerk without any regard to any action he may take. In Murphy v. Burlington Overall Co., 225 Mo. App. 866, 34 S. W. (2d) 1035, it is said that "to file" means to lay away papers for presentation or reference and that a paper is said to be filed upon delivery to the proper office. In Buchanan v. Commercial Investment Trust, 177 Ark. 579, 7 S. W. (2d) 318, "filing" is defined as the act of leaving or depositing the paper in a proper office; the file mark being merely evidence of the filing and not an essential element. To the same effect, see Ex parte State ex rel. Breitling, 221 Ala. 398, 128 So. 788; Vickers v. Glenn,

102 Fla. 535, 136 So. 326; Walls v. Evans, 38 Wyo. 103, 265 P. 29; People v. Ramirez, 112 Cal. App. 507, 297 P. 51.

Counsel for appellant cite Casey v. Newport Rolling Mill Co., 156 Ky. 623, 161 S. W. 528, 530, to support their contention and as indicating that parol evidence to show when the answer was filed was not competent. In that case the court was called upon to determine whether summons had issued on the petition before the action was barred by limitations. This court, after referring to section 2524, Kentucky Statutes, which provides, "An action shall be deemed to have been commenced at the date of the first summons or process issued in good faith from the court or tribunal having jurisdiction of the cause of action," and section 39 of the Civil Code of Practice, which provides in effect that an action commences by the filing of the petition or the filing of the account or written contract or a short statement of facts on which the action is founded where no written pleading is required, and in either case by causing summons to be issued, etc., held in effect that where a litigant filed a petition and caused summons to issue thereon, he will not be prejudiced by a clerical mistake of the clerk, but that the mere direction to the clerk to issue a summons, where in fact none was issued, was insufficient as a commencement of the action to save the cause against the running of limitations. With reference to the contention that a request by the litigant that summons issue would be sufficient, it was said:

"Parties having the right to rely on the record, showing that no summons had been issued, would be met with the contention that the clerk had been requested to issue summons, thus making important property rights depend on an issue of veracity between the clerk and the litigant or his attorney. In our opinion, such was not the purpose of the lawmaking power."

Under the statute dealt with in that case it is the duty of a litigant to "cause summons to issue," but under the statute before us, the litigant is only required to "file answer" and not to cause it to be properly indorsed by the clerk. Furthermore, the clerk's indorsement shows it was lodged with him on January 29. Counsel for appellant tacitly, at least, admit that in

such circumstances the case cited is inapplicable and that evidence as to whether the attorney directed the pleading to be filed on a future date was competent and permissible. Notwithstanding the conflict, there is ample evidence to sustain the chancellor's finding that the answer was filed on January 29.

It is next argued that the petition of the voters for calling the election was not filed in the county court clerk's office, but was filed in open court on the same day the order calling the election was entered. It will be noted that the statute (section 2554c-2) merely provides that the petition shall be filed with the clerk of the county court, and the fact that it was filed with him when he was attending a session of the county court of which he was clerk did not constitute grounds for contest. However, the evidence of the clerk is to the effect that the petition was filed with him in his office. It is contended that because the order calling the election was entered on the same day the petition was filed, no opportunity was afforded of determining whether those whose names appeared on the petition were legal voters or whether they in fact signed the petition. Section 2554c-2, supra, provides that upon the filing of the petition it shall be the duty of the judge at the current or next regular term of the court thereafter to make an order directing the election to be held. It is clearly contemplated by this statute that an order calling the election may be made on the same day the petition is filed if that be a regular term of the county court. It is true that in such event there would be little time for examining the petition with a view of purging it of names put on without authority or names of persons who were not legal voters. In the recent case of Skaggs v. Fyffe, 266 Ky. 377, 98 S. W. (2d) 884, 887, it was said:

"No election can be held under the act sooner than sixty days after the order calling it has been entered, although only two weeks' publication of the election is required. Provision is made for eliminating names put on the petition without authority. The time allowed between the order for and the advertising of the election, and, as well, the holding of it, was obviously to permit identification and to give opportunity for a purging of forged names, or of disqualified persons."

It is further insisted that the order of the court calling the election was not made at the current or next or any regular term of the court. A certified copy of the order calling the election is filed as an exhibit with the petition. This order is headed: "Laurel County court, October term, first day, fourteen [14th] day of October, 1936." It is recited in the order that the petition was filed on the 12th day of October, 1936, which is a regular county court day. While it will be noted that the order was entered on the "first day" of the October term of court, the date is given as the 14th day of October. The 12th of October was the first day of the regular October term, and the clerk testified that by mistake he wrote in the 14th instead of the 12th, and the evidence shows that court was held on the 12th and the order was actually entered on that date.

It is next argued that the election was invalid because the election commissioners, in appointing the election officers to hold the election, did not make equal division between those favoring and those opposed to the proposition to be voted upon. Under the law a group of citizens of the county favoring the adoption of local option law or opposing it may file with the chairman of the election commission a petition asking that the petitioners be recognized as a committee entitled to nominate election officers, challengers, and witnesses to the counting of the ballots and certifying of the results, etc., and that such committee when recognized may file a list of persons possessing the qualifications of election officers for each voting precinct, and when this is done, it becomes the duty of the commission to select officers from such list. It is further provided that in the appointment of officers to conduct the election, the election commission shall make equal division between those favoring and those opposing the proposition, instead of between opposing political parties. See sections 2554c-9-2554c-11. A committee favoring the adoption of the local option law filed such a list with the commissioners, but no list was submitted by those opposing the proposition. In fact, it appears that there was no committee representing those opposed to the proposition, and the evidence shows that practically all of the election officers were selected from the list submitted. Possibly in enacting section 2554c-11, the Legislature in providing that the equal division should be made between those favoring and those op-

posing the adoption of the local option law had in mind that lists of those favoring and those opposed would be furnished as provided in the previous sections; otherwise, it would be difficult indeed for the commissioners in selecting officers in various precincts to know whether they favored or opposed the proposition. Unquestionably the provision of the law should be followed in the selection of election officers, but the failure to do so would not justify this court in invalidating the election and thus thwart the will of the electorate where, as in this instance, there is absolutely no showing of fraud in the conduct of the election.

It is further argued in effect that the election was not advertised as required by law, in that notices of the election were not posted in five conspicuous places in the various precincts of the county and the notices posted were not official in character because they were not signed by the sheriff. The sheriff as required by law was furnished by the clerk with a certified copy of the order calling the election. Notices headed "Notice of Election" in large type, followed by the copy of the order as certified to by the county clerk, were, according to the evidence, posted by the sheriff or her deputies or by other persons at her request in the various precincts of the county, and the order calling the election was also published in a newspaper as required by statute. The statute does not require that the notices be posted by the sheriff or her deputies in person, but only that he have the notices posted; and it is immaterial by whom they are posted. In the case of Wilson v. Lawrence, 268 Ky. 179, 103 S. W. (2d) 955, decided March 19, 1937, it was held that the posting of copies of the certified order calling the election met the requirements of the statute and that the sheriff's signature thereon was unnecessary. The evidence fully sustained the chancellor's finding that the election was advertised as required by law.

Finally it is urged that the report of the sheriff as to posting notices and advertising the election is insufficient and was made by mistake of the sheriff. Section 2554c-5 makes it the duty of the sheriff to report in writing to the court that the notices have been duly published and posted. The sheriff filed such report showing compliance with the statute respecting the publishing and posting of the notices. It is insisted that

138

the report is defective and insufficient because it is stated therein that the sheriff "has had such bills posted," and the sheriff having intrusted this duty to others could not be certain the notices had in fact been posted. The evidence, however, shows that the persons to whom notices were sent by the sheriff posted them as requested and in conformity with the law.

Judgment affirmed.