# Majestic Life Ass'n v. Sowder.

(Decided April 26, 1938.)

J. J. FELTON and H. J. McCLURE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE STITES—Affirming.

This is an appeal from a judgment of the Rockcastle circuit court, entered by default, in favor of appellee, William J. Sowder, and against appellant, Majestic Life Association, in the sum of $1,000, under a

certificate of insurance issued on the joint lives of appellee and his wife, Mary Jane Sowder, deceased. The certificate was issued in March, 1935, and Mrs. Sowder died in November, 1935. The certificate of insurance was taken by appellee and his wife at the instance of one M. L. Hamlin, who solicited its purchase, attended to the proper making out of the application, and collected the first premium. It is not disputed that Mr. Hamlin deducted his commission from the first premium and forwarded the balance, with the application, to the appellant at its home office in Denver, Colo., where the application was accepted and the certificate issued. It is likewise undisputed that premiums were thereafter sent directly to appellant in Denver.

On the death of Mrs. Sowder proofs were sent to appellant, and, on its failure to pay, this action was filed. Process was issued and served on M. L. Hamlin.

Appellant entered its appearance specially and moved to quash the return on the summons.

If appellant was doing business in Kentucky, there can be little doubt as to the application of section 631 of the Kentucky Statutes and the validity of the service of summons. Mutual Benefit Life Insurance Company v. First National Bank, 160 Ky. 538, 169 S. W. 1028. It is argued, however, that appellant is not an insurance company and that section 631 does not, therefore, apply to the instant situation. We do not find it necessary to determine at this time whether appellant is an insurance company within the meaning of the statute or not. The question is only superficially presented in briefs, and we therefore prefer not to consider it. Certainly appellant is a corporation, and it had an agent in Kentucky soliciting members, taking applications, and collecting the first premium or first installment of dues. The very agent who solicited the application for the policy here involved is the agent upon whom the process was served. He was still appellant's agent at the time of service. It appears that he co-operated with appellee in filling out the proofs necessary to establish the claim. The application was made in Kentucky, and the policy was here delivered. It is entirely reasonable to hold that the corporation is amenable to process in this suit whether it is an insurance company or not. It voluntarily came into Kentucky through its agent, Hamlin, and it should be subject to the jurisdiction of the courts

of this state as to any matters arising through that agency. There can be no question but that Hamlin had authority to act on behalf of appellant. It follows that the trial court properly sustained the service of summons. No other authority need be cited than the extended discussion in Farmers' & Merchants' Bank of Catlettsburg v. Federal Reserve Bank of Cleveland, (D. C.), 286 F. 566.

After the trial court overruled appellant's plea to the jurisdiction in August, 1936, appellant took no further step in the case until January 5, 1937 (which was not a rule day and was in vacation), when it undertook to file a special and a general demurrer and an answer in the clerk's office without notice to appellee as required by Civil Code of Practice, section 108. Thereafter appellee moved to strike these pleadings from the files, and this motion was sustained. Appellant made no effort to explain its delay in filing the pleadings, nor to refile them upon proper notice or at a proper time, but suffered judgment to go against it by default. The only remaining question, therefore, is whether or not the trial court properly struck out the pleadings under the circumstances. This court can only correct errors that appear from the record. If none exists, then we are powerless to act.

Section 108 of the Civil Code of Practice provides:

"The filing of an answer or subsequent pleading in the clerk's office during vacation, within the time allowed, with notice thereof to the adverse party, or his attorney, shall be equivalent to a filing in court."

Obviously, notice to the adverse party, unless waived, is an essential adjunct to the filing under this section in vacation. Compare Kohlman v. Moore, 175 Ky. 710, 194 S. W. 933. Appellee was given no notice. Unless we are completely to nullify the provisions of section 108 by the simple expedient of refusing to enforce it, it is clear that appellee took the proper step in moving to strike the demurrers and answer from the files, and the trial court did the only thing it could do under the circumstances in sustaining the motion.

A motion by appellant, thereafter, to refile the pleadings or an offer to file them while plaintiff or his counsel were present before the court would have received the sympathetic consideration of the chancellor,

or, if not by him, certainly by this court. As the matter stands, however, there is no error in the record. We cannot speculate as to the propriety of the defenses asserted in the answer which was not filed or offered to be filed after the motion to strike was sustained, and we are pointed to no defect in the petition which would render a default judgment improper. We have no choice but to give effect to the provisions of the Code as it is written.

Judgment affirmed.