## Rodgers v. Campbell et al.
(Decided Feb. 12, 1937.)

TANNER OTTLEY, RICHARD P. DIETZMAN and THOMAS A. BALLANTINE for appellant.

ABEL HARDING and O. B. BERTRAM for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Affirming.

On September 5, 1936, a local option election was held in Taylor county, Ky., pursuant to chapter 1, Acts of 1936, now section 2554c-2 et seq., Kentucky Statutes, 1936 Edition. 1,766 votes were cast in favor of local option and 553 votes against it.

Appellant, as a citizen and taxpayer of Taylor county, Ky., brought this suit in the Taylor circuit court contesting the election, seeking to have it held void upon various alleged grounds. The issues were made and the court held the election valid. This appeal results.

Only two of the alleged grounds of contest are insisted on in appellant's brief: (1) That the petition filed with the county court clerk was not signed by 25 per cent. of the legal voters of the county upon the basis of the number of votes cast at the preceding general election; (2) the Statute under which said election was held is unconstitutional.

(1) It is stipulated by the parties that at the last general election preceding the local option election here in question there were 6,072 votes cast in Taylor county. It is alleged in the petition and so insisted in brief for appellant that the petition filed with the county court clerk purporting to authorize the county judge to call said election was signed by only 9 legal voters of the county. This contention arises out of the following state of facts: There were 46 separate papers or units of the petition circulated over the county and the number of voters signing all these petitions aggregated the sum of approximately 2,200. It is stipulated "that all of said petitions were received by said clerk at the same time and in the same bundle; that said clerk upon receipt of said petitions made the following endorsement on the back of the outside petition, to-wit:

" 'Eugene Rice, &c., Petition to call Local Option election in Taylor County, Ky., 1936, June 30th, filed in office. Attest, O. C. Spurling, Clerk.' "

The argument is that in order to comply with the

Statutes the clerk should have marked all of said petitions filed by indorsement thereon like or similar to the one quoted above, and, inasmuch as he failed to do so, the separate unit of the petition marked filed by the clerk was the only petition filed and the names of the voters on that petition constituting less than 25 per cent. of the votes cast at the last regular election, the county court was without authority to call said election and said purported or alleged election is void.

Section 2554c-3, Kentucky Statutes 1936 Ed., among other things, provides that "said petition may consist of one or more separate units." Evidently the legislators had in mind that it would be impracticable to secure several hundred, and indeed in some instances thousands of names of voters to a single petition, and in order to avoid this impracticable task they provided that such petition might consist of separate units and these units as a whole would constitute the petition in contemplation of the Statute. In view of the stipulation that all these separate units were presented to the clerk at the same time and in the same bundle and he filed them in the manner stated above, we think that this was a substantial compliance with the Statute. The clerk treated the whole bundle as a single petition and treated the outside one as a wrapper for the petition as a whole and likewise the county court considered this filing sufficient and the election was called and held pursuant thereto. And furthermore, it must not be overlooked that those in charge of filing the petition did their duty in presenting it to the clerk and such presentation will be treated as a filing thereof. 20 C. J. sec. 78, page 95. This is particularly true in the circumstances of the present case, in view of the facts that all parties concerned treated the petition as having been properly filed and the election was called and held pursuant thereto and no objections or questions were raised until after the election had been held and the returns certified.

In Blackburn v. Welch, 138 Ky. 267, 127 S. W. 991, it is held that where a petition failed to comply with the Statutes literally in not giving the post office address of some of the signers, the omission would not invalidate the election in the absence of any charge of fraud or wrongdoing, where the clerk possessed this information to his entire satisfaction.

In Skagg et al. v. Fyffe, Judge, 266 Ky. 337, 98 S. W. (2d) 884, we held that a statute is generally regarded as "directory" if it relates to some immaterial matter not reaching the substance of the thing to be done, and by a mere omission to observe it, the rights of those interested will not be prejudiced; while "mandatory" embraces the converse character of provisions. Applying this rule, it will be seen that the rights of no one were prejudiced by the failure of the clerk to specifically mark filed each separate unit of the petition. It follows that there is no merit in the contention that the manner in which it was filed was not a substantial compliance with the Statute.

(2) The next insistence is that the 1936 act of the General Assembly providing for local option elections is invalid under section 51 of the Constitution in that the title to the act fails to specifically mention "intoxicating" liquors except that it prohibits intoxicating liquors on election day only. The title to the act reads in part as follows:

"An Act providing the means whereby the sense of the people of any county, city, town, district or precinct may be taken as to whether spirituous, vinous or malt liquors shall be sold, bartered or loaned therein," etc.

The character of liquor mentioned in the title necessarily includes intoxicating liquors. It is common knowledge that the words "spirituous," "vinous," and "intoxicating," when used in reference to whisky, are used interchangeably or synonymously. All laws prohibiting or regulating the manufacture, sale, distribution, or other use of liquor have for their purposes to suppress or minimize the evils resulting from intoxication and it will not be presumed that the Legislature intended to prohibit or regulate the use of nonintoxicating drinks. The word "liquor" of itself necessarily implies intoxicating liquor. Nonintoxicating beverages are not, in common parlance, deemed to be liquors, in the common acceptation of that word. It is our conclusion that the language used in the title of the act necessarily implied intoxicating liquors and it is not material that the specific word "intoxicating" is omitted.

There are other questions raised relating to the

validity of the 1936 local option act ·as it relates to the· 1934 Liquor Control ·Act (Acts 1934, c. 146). But these questions have no relation to the present local option statute, since it is authorized by the present Constitution, and constitutes the only local option statute now in force under which the election in question was held.

From what has been said, it follows that the election in question here is valid.

Judgment affirmed.