## Meeks Motor Freight, Inc., v. Falls City Brewing Co., Inc.

(Decided March 12, 1937.)

RICHARD P. DIETZMAN for appellant.

MILLIKEN & HANDMAKER for appellee.

OPINION OF THE COURT BY JUDGE STITES—Reversing.

This is an appeal from a judgment of the Jefferson circuit court sitting in equity. Appellee, Falls City Brewing Company, Inc., brought this suit against the appellant, Meeks Motor Freight, Inc., asking for a mandatory injunction to require appellant to accept a shipment of beer containing more than 1 per cent. of alcohol by volume to one S. E. Durham, a wholesale distributor in Whitley county, at Corbin. Whitley county is dry territory under the Local Option Law, Acts 1936, c. 1 (Ky. St. 1936 Ed., sec. 2554c-1 et seq.). The only question before us is whether or not appellant may be required to transport beer or other intoxicating liquors into dry territory. The suit is entirely friendly and the facts are not disputed. Durham, the wholesaler, does not propose to distribute or sell any part of the shipment in question in Whitley county, but intends to distribute it from his warehouse at Corbin into other states or counties where beer may lawfully be sold.

It can hardly be disputed that the Legislature has the right, under section 61 of the Constitution, to enact a local option law and that, as an incident of that right, it may prohibit the sale, barter, or loan of intoxicating liquors at wholesale, as well as at retail. We do not perceive any distinction between the right to prohibit a retail sale and the right to prohibit a similar transaction at wholesale. The question narrows down, therefore, to a construction of the statute involved to determine what the Legislature has attempted to do with wholesalers under the Local Option Law.

Section 19 of the Local Option Law (Ky. Stats. 1936 Ed., sec. 2554c-19) provides:

"That nothing herein shall be construed to prevent any distiller or manufacturer of intoxicating liquors, or any authorized agent of a distiller or manufacturer, *or wholesale dealer* from making contracts of barrel, case or package lots in any such territory where their distilleries, breweries,

wineries or warehouses are located to be shipped into territory where the sale of such liquors may be lawful either in or out of the State.''

The words quoted are substantially the same as the proviso contained in the old Local Option Law as amended in 1918. See Acts 1918, c. 6, sec. 4. The only real change is in the addition of the words ''or wholesale dealer'' as italicized above. We assume that the Legislature intended to effectuate some change in the law by placing wholesale dealers in a class with distillers and manufacturers in this section. How much of a change was effected must be determined from the law itself.

Section 20 of the act (Ky. Stats. 1936, sec. 2554c-20) makes it unlawful to transport intoxicating liquor into local option territory, and section 21 (Ky. Stats. 1936, sec. 2554c-21) makes it unlawful to receive or accept any intoxicating liquor from a common carrier in such territory. No exception of distillers, manufacturers, or wholesalers is included in these two sections. Under section 22, liquor may be shipped *through* local option territory or *out of* local option territory under the terms of the law, but there is no provision for shipping *into* local option territory (excepting sacramental wine) even to a distiller or manufacturer. If any liquor is to be received from a common carrier in local option territory, it must be by virtue of an exception to sections 20 and 21 of the act, which we would have to read into them by way of construction. It is argued that section 19 indicates a purpose on the part of the Legislature to permit a wholesaler to continue in business in local option territory and to make sales for shipment from his warehouse into wet territory, and that, as a necessary incident to this expressed intention, we must conclude that shipments may be lawfully made to the wholesaler for the purpose of reshipment elsewhere. It seems to us that we are not at liberty to construe the plain mandate of sections 20 and 21 otherwise than as they are written.

It is entirely possible that the Legislature had in mind that wholesalers would be apt to have large stocks of goods on hand at the time when local option became effective and that it might not be possible to dispose of such stock within the period after the election and before the law became operative, and that it was there-

fore intended to give wholesalers an opportunity through exemption from the law to dispose of such goods as might be on hand to customers outside the dry territory. No mention is made of wholesalers in the title to the act, although there is a reference to distillers and manufacturers. It seems likely that the inclusion of wholesale dealers with distillers and manufacturers in section 19 alone was an afterthought and that the problem here presented was not considered one way or the other. Certainly there is not a sufficient indication of intention to authorize us to emasculate the plain wording of sections 20 and 21.

It is also argued that the provision of section 22 (Ky. Stats. 1936, sec. 2554c-22) permitting the transportation of intoxicating liquors through or out of local option territory should be construed to permit the shipment here involved. It is asserted that the consignment to the warehouse of a wholesaler is merely a step in the shipment from the original consignor in wet territory to the ultimate consumer, who under the facts we must assume is likewise in wet territory. An analogy is sought to be drawn to the numerous decisions of the Supreme Court of the United States involving the question of what is and what is not a continuous shipment in the course of interstate commerce. The principle back of these cases is well illustrated in the leading cases of Bacon v. Illinois, 227 U. S. 504, 33 S. Ct. 299, 57 L. Ed. 615; General Oil Co. v. Crain, 209 U. S. 211, 28 S. Ct. 475, 52 L. Ed. 754; Stafford v. Wallace, 258 U. S. 495, 42 S. Ct. 397, 66 L. Ed. 735, 23 A. L. R. 229; Coe v. Errol, 116 U. S. 517, 6 S. Ct. 475, 29 L. Ed. 715, and Brown v. Houston, 114 U. S. 622, 5 S. Ct. 1091, 29 L. Ed. 257. We have found no case which might be said to give comfort to the view that the shipment here to a wholesaler and the reshipment by him to his consignee was anything other than two distinct transactions. Distillers and manufacturers are excepted under the provisions of section 22 and again under the provisions of section 41 of the act (Ky. Stats. 1936, sec. 2554c-41), but there is no mention of wholesale dealers except in section 19. Clearly, had the Legislature intended to treat wholesalers in the same manner as it did distillers and manufacturers, it would have mentioned them in the title and in these other sections of the act as well.

Howsoever inconsistent it may appear to authorize

the continuance of a wholesale business in dry territory and at the same time to prohibit shipments into such territory, the fact remains that this is what the Legislature has done. The Legislature undoubtedly had the power to permit a wholesaler to continue in business and at the same time to dry up his source of supply. The consistency of the statute is a question for the Legislature, and not for the courts. We see nothing in the provision which can be said to violate any constitutional inhibition..

Judgment reversed for proceedings consistent with this opinion.

Whole court sitting.