## Wilson v. Lawrence et al.

(Decided March 19, 1937.)

O. B. BERTRAM for appellant.

W. J. CHUMBLEY and E. C. MOORE for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

On September 15, 1936, a local option election was held in Russell county, Ky., pursuant to the provisions of chapter 1, Acts of the 1936 General Assembly. A large majority of the votes cast at this election were in favor of adopting the Local Option Law within the county.

Thereafter, on October 8, 1936, the appellant, O. W. Wilson, while nominally styling himself a contestant, filed an equity suit in the Russell circuit court, seeking injunctive relief, against a county judge, county clerk, sheriff, and election commissioners of the county, whom he styled contestees, his petition alleging that his action was brought for contesting the election, as authorized and provided for by section 13 of the act.

Plaintiff by his petition set out in its four paragraphs the grounds upon which he alleged the election was illegally held and therefore void.

By paragraph 1 he alleged that prior to the entering of the order by the county judge on July 13, 1936, calling the local option election, there had not been lodged in the office of the clerk of the Russell county court a written petition signed by 25 per cent. of the legal voters of the county, as based upon the number of votes cast at the preceding general election; by paragraph 2, that the sheriff of Russell county, directed by the order calling the election to duly advertise the same in the county, had improperly performed such duty and had failed to legally do so; by

paragraph 3, that the parties managing and in charge of the campaign in behalf of the "dries," or the petitioners, did not comply with sections 1565b-5 and 1565b-6, Kentucky Statutes, requiring them to make due statement, both before and after the election, of their expenses and contributions incurred and received by them therein; and by paragraph 4, that chapter 1 of the Acts of the 1936 General Assembly is unconstitutional, for the reason that it violates section 51 of the Constitution, by reason of its containing many subjects not mentioned in the title.

To the petition a demurrer was filed, and without waiving same, defendants filed answer. The issues being then joined upon appropriate pleadings and proof taken, the cause was heard, upon notice given appellees, before the Honorable J. C. Carter, judge of the Russell circuit court, when upon submission, it being adjudged that the contestant had wholly failed to sustain the four grounds of contest, or any of said grounds, set up in his petition and that the election was regularly held, was properly ordered held by the judge of Russell county and was valid for every purpose for which held, the cause was dismissed.

Dissatisfied with this ruling and criticizing same as erroneous, this appeal is before us, asking its revision.

The first ground urged in support of appellant's contention, that the election was irregularly held, is, as stated supra, that the petition lodged in the office of the clerk of the court was not signed by a number of legal voters equal to 25 per cent. of those participating in the last general election, as required by the provisions of the act, and was therefore insufficient.

As to this, it is shown and admitted by the proof that there was filed in the clerk's office on July 3, 1936, a petition, which consisted not only of one but of some fifty odd units, which only in their aggregate or combined number contained the names of, or were subscribed by, some 2,000 legal voters as petitioners, or by a number of legal voters greatly more in their total than 25 per cent. of the 4,810 registered and legal voters of the county, as required by the provisions of the act.

Appellant's attack upon the validity of the election is directed both at the alleged insufficiency of such

form of petition, in respect to its consisting of a multiple of separate, unbound units instead of one unit, and at the alleged failure. of the petitioners to properly file same with the clerk.

As to the first of these objections, it is disclosed by the record, as stated supra, that the petition did consist of some fifty odd unbound sheets or units, each subscribed by its own number of legal voters requesting the call of the election, but it is yet further shown and admitted that these subscribed separate sheets or units were each and all tendered together to the court, as constituting in their aggregate but one petition; that they were so received and treated by the clerk, who at the time indorsed upon the back of one of these units the fact that such petition so made up was filed with him; that he thereupon rolled these separate units into one bundle, with the indorsed unit of the petition on the outside and bound them together with rubber bands; and that, when so fastened and bound together, he placed or lodged this bundle as one petition in his office vault.

It is needless to enter upon an extended discussion as to whether or not such character of petition, consisting as here of separate units, which were tendered, filed, and treated as together constituting the petition, satisfied the requirement of the act in question as to filing a sufficient petition, in that the same question was considered and determined by us in the recent cases of Hessler v. Garner, County Judge, 266 Ky. 507, 99 S.W.(2d) 461, and Rodgers v. Campbell et al., 267 Ky. 261, 101 S. W. (2d) 937, 938, where we held that such character of petition was sufficient. In the latter case, the court said:

"The clerk treated the whole bundle as a single petition and treated the outside one as a wrapper for the petition as a whole and likewise the county court considered this filing sufficient and the election was called and held pursuant thereto."

Next considering appellant's contention that even conceding that a petition consisting of a number of separate units, where all were tendered and filed together as one petition, might be and constitute a sufficient petition within the meaning of the act, the petition was here *not lodged* in the office of the clerk in the

way and manner directed by the act. In support of this contention, appellant cites the language of subsection (a) of section 4 of this chapter 1 of the Local Option Act, which is that:

> "The election shall not be earlier than sixty or later than ninety days after the date said application is *lodged* in the office of the clerk of the county court." (Italics ours.)

While the word here used in the act is "lodged," the different word "filed" is used as a part of section 2 of the act in specifically directing the way and manner in which the petition seeking the call of a local option election is to be lodged with the county clerk and turned over to the county judge, its express language being as follows:

> "Petition for election. Upon application by written petition *filed* with the clerk of the county court of any county signed by a number of legal voters in said county, * * * equal to twenty-five (25) per cent. of the votes cast in said territory at the last preceding general election, it shall be the duty of the judge of the county court * * * to make an order on the order book of said court directing an election to be held in such county." (Italics ours.)

Considering the express language of these two provisions of the act, dealing with the matter of what shall be the proper mode of filing or lodging with the clerk a petition to the county court requesting his calling of a local option election, it becomes manifest that the words "file" and "lodge," as used interchangeably by the Legislature in this act, in dealing with this particular phase of filing the petition, are employed as being synonymous in their meaning and significance, and that it thereby clearly intended that a filing of the petition with the clerk was and should in itself constitute a sufficient lodging of it with him. The two provisions of the act, when thus considered together, make it conclusively manifest that the two terms, in directing the "filing" and "lodging" of the petition with the clerk, were intended to mean and represent the doing of the one and the same act by the petitioners.

It is further to be noted that the petition here filed sought by its prayer an injunction against the defen-

dants, separately enjoining a certification by the several defendants of the returns of the local option election so held, and also that this act, under which it was ordered held, be held unconstitutional, as being in violation of the provisions of section 51 of the Constitution.

While seeking such injunctive relief, the petition nonetheless further purported to be a contest of the election, styling the plaintiff as contestant and the defendants as contestees, even though the grounds upon which the election was attacked were not those provided by section 13 of the act, setting out the grounds upon which local option contests may be prosecuted.

In the Hessler Case, supra, it was held that in a suit to enjoin certification of the returns or entry of the order putting the local option law into effect, based on alleged insufficiency of steps taken preliminary to the holding of the election, where there was a prima facie showing made that the steps taken for calling the election were in conformity with the statutory requirements and where it was not contended that the law under which the election was held is unconstitutional, the granting of an injunction was precluded.

However, in the instant case the petition does allege, as one of its grounds relied on in attacking the validity of the election, that this chapter 1 of the acts of 1936, here involved, is unconstitutional.

We do not, however, feel called upon to discuss this ground of attack, in that, while it is so set out in the petition, appellant does not here in his brief insist upon or argue such ground and may be taken to have waived same. However, whether we do or do not apply this rule, authorizing us to treat the point, where abandoned upon appeal, as waived, it is sufficient to say that the question of the constitutionality of this act was directly involved and has definitely been decided adversely to such contention of appellant in the recent Rodgers Case, supra, where it was held to be constitutional.

Also, while the petition alleges as one of the grounds of attack that the election was invalid, for the reason that the appellees violated the provisions of the Corrupt Practice Act (Ky.St. sec. 1565b-1 et seq.), by failing to file any pre- or post-election statements as

therein required, showing the contributions received and the expenditures made in the holding of said election, it is yet sufficient to say that such point may be here treated as also waived, by reason of the failure of appellant to bring forward or insist upon such objection upon this appeal. It may, however, be further answered that such contention has also been repeatedly otherwise decided in election cases of this character.

The next and final ground of attack upon the legality of the election is that the sheriff did not properly advertise and publish the order of the court, made July 13, 1936, upon the petition, calling the holding of a local option election for the county on September 15, 1936. The court's order, so calling the holding of the requested election on said date in all the election precincts of the county and directing the sheriff to duly advertise the holding of such election, was entered upon the court's records and duly certified by the clerk of the court to the sheriff for posting and publishing.

Section 5 of the Local Option Act, here involved, provides as to the sheriff's giving notice of the ordered election that:

"Within five days after said order of the county court calling an election is made, it shall be the duty of the county clerk to give the sheriff of the county a certified copy of the same. It shall then be the duty of the said sheriff to have same published in some weekly or daily newspaper published in the county for at least two weeks before the election, and also to advertise same by written or printed handbills posted at not less than five conspicuous places in each precinct of the county for the same length of time when the election is held for the entire county." It further provides that: "It shall be the duty of the sheriff to report in writing to the county court that the notices have been duly published and posted."

The appellant attacks the sufficiency and legality of the sheriff's performance of this duty, imposed upon him by the court's order, to duly publish and post the certified copies of the court's order calling the election, upon the grounds that the same as posted by him were not signed by the sheriff.

It is manifest that this contention is frivolous and

of no merit, in that the provision of section 5 of the act, quoted supra, requiring the sheriff to publish and post notices of the called election, nowhere recites that such notices, when posted by him in the county's several precincts, shall be signed by him, but only directs that he shall post a certain number of certified copies of the court's order in conspicuous places within each of the county's election precincts.

It is the court's order, calling the election, that is to be given this publicity, advising the public throughout the county of a local option election having been called by the county judge, to be held in the county precincts upon the day named. The publication and posting of a certified copy of the court's order could be made no more effective or informing, as to the fact of the called election, by the sheriff's affixing his own signature thereto. It is a certified copy of the court's not the sheriff's order that is directed by the act to be published.

Here it is admitted that the sheriff carried out the court's direction, contained in its order calling the election, by posting certified copies of the order in each precinct of the county and, when having done so, filed a written report of his action with the county court, that the notices had been duly posted and published.

Clearly, the sheriff's action in the premises as reported, and established by proof and admitted, constituted a due and valid publication and posting of the notices of the court's order made calling the election.

The learned chancellor, upon the hearing of this cause, decreed that the plaintiff, or contestant, had wholly failed to sustain the four or any grounds of his contest set out in his petition, that the petition be dismissed, and that the election was valid for every purpose for which held. Such decree being entirely in accord with our views, as hereinabove indicated, it is affirmed.