# Winstead v. Clarke, Sheriff, et al.

(Decided May 28, 1937.)

WM. LEWIS & SON for appellant.

WESLEY & SON, E. T. WESLEY, S. F. BOWMAN and E. R. DENNEY for appellees.

OPINION OF THE COURT BY JUDGE STITES—Affirming.

This is an appeal from a judgment of the Rockcastle circuit court sitting in equity. On October 2, 1936, a petition was filed with the clerk of the Rockcastle county court, signed by more than 25 per cent. of the legally qualified voters of the county, requesting that the county judge call a local option election. On the 19th of October, the first day of the next regular term of the county court, an order was entered pursuant to the petition, calling a local option election to be held on December 12, 1936. At the holding of the election a majority of the votes cast was in favor of the adoption of the local option law in Rockcastle county. Thereafter the appellant, a qualified elector, on the 11th of January, 1937, filed his petition in equity against the sheriff and the county board of election commissioners, seeking to contest the election under section 1596a-12 of the Kentucky Statutes. On the 13th of January, 1937, a demurrer to the petition was filed, and on the 20th of February, 1937, appellant was served with notice that the contestees would move the judge of the Rockcastle circuit court, "to take up, hear and decide the demurrer" in the courtroom at Mt. Vernon, Ky.. on February 26th. This was between terms of the Rockcastle circuit court. On February 26th appellant ap-

peared and objected to a hearing on the demurrer "out of term time." His objections were overruled, and the court thereupon sustained the demurrer and dismissed the petition. This appeal followed. It is argued by appellant that the court erroneously sustained the demurrer because (1) the petiton for the local option election was not filed in open court, but was filed with the clerk of the Rockcastle county court; and (2) the notices calling the election posted by the sheriff were legally insufficient because they were not signed by the sheriff.

It is not claimed by appellant that he did not receive reasonable notice of the hearing to be held on February 26th. The action taken by the court, even though not during a regular term, was valid. Ky. Stats., sec. 964b-1.

It is argued that in reading section 2554c-2 of the Statutes as a whole it must be construed to mean that the Legislature intended that petitions for a local option election should be filed with the clerk on some regular county court day. We find no such implication in the statute. On the contrary, the section expressly provides that the petition shall be "filed with the clerk" and then provides that it shall be the duty of the judge "at the current or the next regular term of said court" to make the required order. Clearly, if it was intended that the petition be filed in open court, there would be no necessity for a reference to "the next regular term," for the judge could make his order immediately.

The contention that the notices of election are invalid because not signed by the sheriff is based on the theory that it is the duty of the sheriff himself to give notice of the election. As a matter of fact, the sheriff is simply made the conduit for the publication of the order by the county court calling the election. Ky. Stats., sec. 2554c-5. In Wilson v. Lawrence, 268 Ky. 179, 103 S. W. (2d) 955, 959, we said:

"The publication and posting of a certified copy of the court's order could be made no more effective or informing, as to the fact of the called election, by the sheriff's affixing his own signature thereto. It is a certified copy of the court's not the sheriff's order that is directed by the act to be published."

See, also, Campbell v. Mason, 269 Ky. 128, 106 S. W. (2d) 100, decided May 18, 1937.

The court did not err in sustaining the demurrer to the petition.

Judgment affirmed.