# Feld v. Prewitt, Sheriff of Montgomery County, et al.

(Decided June 21, 1938.)

PREWITT & PREWITT for appellant.

CHAS. D. GRUBBS and B. S. GRANNIS for appellees.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is a contest of a local option election held in Montgomery county on January 10, 1938, in which 1,889 votes were cast in favor of adopting the Local Option Law, Kentucky Statutes, section 2554c-1 et seq., and 1,502 against it, making a majority of 387 in favor of prohibiting the sale of intoxicating liquor in that county. After the result of the election had been duly certified, Sol Feld, a citizen, resident and taxpayer of the county, instituted a contest proceeding against the members of the county board of election commissioners of Montgomery county and the members of the campaign committee favoring the adoption of the Local Option Law. A demurrer to the petition, as amended, was sustained, and, from the judgment dismissing his petition, the plaintiff appeals.

It was alleged in the petition that Thomas W. Farmer and five other persons constituted the campaign committee favoring the adoption of the Local Option Law in Montgomery county, and, as such committee, had charge of the campaign for its adoption and collected money and paid the expenses incident to the campaign. It was further alleged that this committee failed to comply with the provisions of the Corrupt Practice Act relative to the filing of expense accounts, and particularly with section 1565b-5 of the Kentucky Statutes, which requires any campaign committee, managing or paying the expenses, or contributing to the expenses of a campaign for the adoption or rejection of any question submitted to the people for their approval or rejection at any election, to file a pre-election expense account. It was further alleged that by reason of the campaign committee's failure to file the pre-election expense account, as required by section 1565b-5 of the Kentucky Statutes, the election was void. This is the principal ground relied upon for a reversal of the judgment.

Section 2554c-9, which is part of the Local Option Law, provides:

"Not more than twenty days prior to an election any group of citizens or committee which in good faith advocates or opposes the proposition to be submitted may file with the chairman of the county election commission a petition asking that such petitioners be recognized as the committee en-

titled to nominate election officers and challengers and witnesses to the count of the ballots and certification of the results, and to name guards to assist in guarding the ballot boxes during such period of time as said committee may desire.''

It will be noted that the rights accorded to a citizens' committee advocating or opposing the adoption of the Local Option Law are limited to nominating election officers and challengers and witnesses to the count of the ballots and certification of the results, and to naming guards to assist in guarding the ballot boxes. It does not appear in the present case that the campaign committee referred to in the petition, as amended, was ever officially recognized by the board of county election commissioners. It was alleged in the petition that the committee filed in the county clerk's office a list of names of persons residing in each precinct in the county and requested that they be appointed election officers to serve in the election. The petition was addressed to the chairman of the board of election commissioners of Montgomery county, but it was not alleged that it ever came into the hands of the board of election commissioners or was acted upon by it. But, be that as it may, we are of the opinion that even if the persons named in the petition had been recognized as the duly authorized campaign committee favoring the adoption of the Local Option Law, yet its failure to file the pre-election expense account required by the Corrupt Practice Act would not vitiate the election.

Section 1565b-4 of the Statutes requires a candidate at any primary or general election on the fifteenth day before such election to file a statement in writing, setting forth in detail all sums of money or other things of value contributed, disbursed, expended, or promised by him. Section 1565b-6 requires every candidate, within thirty days after the election, to file a similar statement, but relating only to matters occurring after the filing of the first statement. Section 1565b-7 forbids the delivery of a certificate of election or nomination to any person until the statements have been made and filed. Section 1565b-5 requires any campaign committee managing or paying the expenses of a campaign for the adoption or rejection of any question submitted to the people to make out and file a statement similar to the statement required to be filed by a candidate by sec-

tion 1565b-4. The penalty for the violation of this provision is a fine of not less than $100 nor more than $5,000, or confinement in the county jail at hard labor for not less than one month or more than twelve months, or both such fine and imprisonment. The penalty applies only to the members of the campaign committee. There is no provision forbidding the issual of a certificate certifying the result of the election or invalidating the election because of any dereliction in this respect on the part of a campaign committee. The Corrupt Practice Act properly makes a distinction between a campaign committee, which represents an individual seeking a nomination or election and which acts under his authority, and a committee, voluntary or appointed, which undertakes to act for all persons favoring one side of a public question. In the one case, the individual is penalized by being deprived of his certificate of nomination or election, and, in the other, the offending members of the committee are penalized by a fine or imprisonment, or both. This distinction was recognized, in effect, in Wilson v. Lawrence, 268 Ky. 179, 103 S. W. (2d) 955. Section 2554c-13 provides that a local option election may be contested in the same manner as is now provided by law for the contest of general elections of county officers. The contest statute referred to, section 1596a-12, Kentucky Statutes, merely prescribes the procedure to be followed. In enacting section 2554c-13, it was not the intention of the Legislature to make the validity of a local option election hinge upon the compliance or noncompliance with the requirements of section 1565b-5 by a self-appointed campaign committee, even though such committee be recognized by the county board of election commissioners as the committee entitled to perform the duties enumerated in section 2554c-9.

The petition also charged a violation of section 1470 of the Kentucky Statutes, which provides that no person other than the election officers and challengers shall remain within 50 feet of the polls except when voting. It was alleged that in all the precincts in Montgomery county others than the election officers and challengers were permitted to enter the polls when not voting and to remain within 50 feet thereof, and that these persons were permitted to pass out cards and literature upon the dry side. Section 1470 is directory, not mandatory. The end sought to be accomplished by

its provisions is the secrecy of the ballot, and, if the constitutional requirement for the secrecy of the election is not violated, an election will not be set aside because of a technical violation thereof. Eversole v. Craft, 216 Ky. 500, 287 S. W. 965; Muncy v. Duff, 194 Ky. 303, 239 S. W. 49. It was not alleged that the secrecy of the ballot was not maintained. The petition contained the general statement that the alleged violation of section 1470 changed the results, but this was insufficient. Facts should have been stated showing how and to what extent votes were affected by the alleged violation of section 1470. Goodwin v. Anderson, 269 Ky. 11, 106 S. W. (2d) 152; Muncy v. Duff, supra.

It was also alleged in the petition that Paul Strother, one of the election commissioners of Montgomery county, was also a member of the committee favoring the adoption of the Local Option Law, and that therefore he was not entitled to participate in the selection of the election officers which conducted the local option election. The fact that one is actively interested on the one side or the other of a public question which is being submitted to a vote of the people, such as the adoption of a constitutional amendment, issuing bonds, or adopting the Local Option Law, does not disqualify him from serving as a member of the board of election commissioners. If such were the rule, it would frequently be impossible to secure a board composed of intelligent citizens. This ground is without merit.

Judgment affrmed.