### Harris v. Cannon et al.

December 20, 1946.

Rehearing denied March 4, 1947.

W. Bridges White, Judge.

4

J. W. McKenzie and Lester Hogge for appellant.

B. S. Grannis and Roger A. Byron for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Affirming.

An election held in Bath County May 16, 1946, resulted in a majority of 705 in favor of prohibition. Thereafter appellant, a resident voter and property owner, engaged in the alcoholic beverage business, instituted contest proceedings, naming the county election commission as defendants. Upon submission the court dismissed the petition, overruled motion for new trial, wherein it was, and is now contended that the election was void because:

(1) The petition requesting the election was never made a matter of record by proper order of the county court. (2) The petition requesting the election specified April 27 as the date, and the court without the knowledge or consent of petitioners fixed the date May 11. (3) and (4) The order calling the election was never signed by the county judge, and since not signed notices and advertisement could not have been legally posted or published. (5) The sheriff failed to post notices in the manner provided by section 242.040, KRS and (6) to hold the election valid under the facts, would result in depriving contestant of his property and property rights in violation of the Federal Constitution.

Taking up first ground (5), we find that contestant introduced fourteen or more witnesses who lived in various precincts, and more or less active in their movements about the county. They testified that in moving about during the two weeks before the election, they did not see any notices posted in public places or elsewhere. One said that he saw a deputy sheriff posting notices at a time later than the period required by statute. This testimony on the whole was negative in character. The

sheriff and his two deputies testified that they divided the county, each taking a certain number of precincts; that the notices were posted in five conspicuous places in each precinct more than fourteen days prior to election. The record contains a sufficient report of his actions made shortly after the posting and newspaper advertising.

We have frequently held that proof negative in its nature will not overcome the positive proof, either orally or by way of report by the officer charged with the duty. Donohue v. Swindler, 299 Ky. 119, 184 S. W. 2d 348, citing with approval Jackson v. Bolt, 292 Ky. 503, 166 S. W. 2d 831.

Grounds (1), (3) and (4) may be grouped, since their solution will depend on facts with relation thereto, and which are substantially as follows: It is agreed by parties, and the testimony shows, that the proponents first presented the petition to the county judge on February 25. It was on the same day delivered to and filed by the county clerk. On March 11, which was the next county court day, the clerk entered the order calling the election, and gave the sheriff a copy, who in turn gave it to the newspaper and ordered notices printed. It is not contended that the original order drawn by counsel for the drys was not signed by the county judge. Both the clerk and the county judge admitted that the order book on which the order had been entered on March 11 was not signed manually by the judge until June 20, more than one month after the election, and after the contesting petition was filed.

The judge testified that the petition was presented to him in the latter part of February, and was filed with the clerk on the same day. The order was presented to him on March 11; he signed it and gave it to the clerk, who entered it. In explanation of the change of date the judge said the proponents were asking for the election to be held on the date named in the petition; that some persons had approached him and wanted the election held 90 days after the date of the order. "I divided the time as equally as I could and ordered the election on May 11." This he said was agreeable to the proponents. When asked who the "persons" were, he said the "wets." From his evidence it appears that there was

no objection to the extension of time, but there was a request that the election be ordered for some day in the week, other than Saturday.

In support of the contention that the order calling the election was never made a matter of record until after the election, contestant first points to sub-section 4 of KRS 242.020, which provides: "After the petition for election has been filed, the county court shall, at the current or the next regular term, make an order on the order book of the court directing an election to be held in that territory."

Counsel then for comparative and argumentative purposes, directs our attention to 2554c-2, KS 1936, which was the law in effect prior to the present statute, suggesting that the law in respect to the duty of the county judge to enter the order was to all intents and purposes the same as now, and then refers to and relies on Wilson v. Hines, 99 Ky. 221, 35 S. W. 627, 18 Ky. Law Rep. 233, and Hardigree v. White et al., 266 Ky. 648, 99 S. W. 2d 785, 786, as being applicable here, and as illustrative of the particularity which should be observed in complying with the statutes. These cases do hold that the order should be made a matter of record. We said the statute imports that the instrument or writing lodged "Is to be made a matter of record by proper order entered on the order book, showing that it has been received and filed, and the purpose of it."

The Hardigree case made reference to the Williams case, and we reversed because there was no entry of order until long after the election. We said that "While it may be conceded that the provision in section 2554c-2 * * * is not mandatory and that the order may be entered at a later term so long as it is done in time to amount to a substantial compliance with the statute, Tousey v. De Huy, 62 S. W. 1118, 23 Ky. Law Rep. 458, yet it is surely mandatory that it be complied with at least before the election is held," since the *entry* of an order is a condition precedent to the holding of the election, but remarked: "It may be that the order book could be signed * * * after the election, where an order which had been signed by him (county judge) had been entered upon the order book before the election," citing Young v. Trimble, 164 Ky. 177, 175 S. W. 366. We said that in view

of the statutory requirement, a judgment nunc pro tunc could not be entered after the election where there was no entry of record of any sort. This is not the case here. It may be noted that the statute does not specifically say with whom the petition shall be lodged, or by whom received; the clerk is ordinarily the filing officer, and that it was properly filed is shown by reference to Winstead v. Clarke, 269 Ky. 594, 108 S. W. 2d 518; Wilson v. Lawrence, 268 Ky. 179, 103 S. W. 2d 955; Rodgers v. Campbell, 267 Ky. 261, 101 S. W. 2d 937.

Points (3) and (4) in respect of law and facts are interwoven, one argument being that since there was no legal order entered or signed (on the order book prior to the election), there could be no legal publication of the order, or posting of notices. Counsel relies on the case of Ewell v. Jackson, 129 Ky. 214, 110 S. W. 860, 861, 33 Ky. Law Rep. 673, in which we were dealing with the question of enforcing a judgment by way of execution, where a judgment rendered by the regular judge was not signed by him but by a special judge. We said: "A paper signed by a judge, although it contains the entire judgment, and be delivered to the clerk of the court to enter upon the order book, is not a judgment in fact until it has been entered upon the order book * * * and signed by the judge." Adding that courts of record speak only by the records.

This case was cited with approval in Auxier v. Auxier, 180 Ky. 518, 203 S. W. 310, and Farris v. Matthews, 149 Ky. 455, 149 S. W. 896, in each of which unsigned judgments, either personal or in rem, were sought to be enforced. In these cases, particularly the Auxier case (180 Ky. 518, 203 S. W. 312) we adverted to another well established rule, that where it appeared that in fact a particular judgment had been rendered, the court could at a later date in a proper proceeding, enter the judgment nunc pro tunc, or make any order necessary to effectuate "Now what was in fact done then."

The proof shows that the judge signed the original order before entry, but it is insisted, as is admitted, that the order book was not signed until after the election. In Murphy v. Cundiff, 269 Ky. 645, 108 S. W. 2d 644, 645, while this precise question may not have been properly pleaded, after reciting facts in relation to the

order, we said: "But, even if it be conceded that the allegations of the petition were sufficient to challenge the validity of the order calling the election, appellant's contention must fail. It is admitted that the county judge signed the order book after the election had been held. * * * We have consistently held in *local option* election contest cases that the fact that the county judge did not sign the order book on which the order * * * had been spread until after the election had been held did not affect its validity."

Other authorities cited by contestees clearly hold that the fact that the judge did not sign the order book until after the election (in some cases where the original had not theretofore been signed) or until after contest proceedings begun, would not invalidate an election. The argument of counsel that the failure to sign the book before the election is jurisdictional seems to be sufficiently answered in Kelly v. Gruelle, 298 Ky. 450, 183 S. W. 2d 39, and in Donohue v. Swindler, supra. In the latter case we pointed out what we conceived to be the mandatory requirements, and in the former covering the points generally. We may also refer to Campbell v. Mason, 269 Ky. 128, 106 S. W. 2d 100; Booth v. McKenzie, 302 Ky. 215, 194 S. W. 2d 63, and the recent case, Adams v. Wakefield, 301 Ky. 35, 190 S. W. 2d 701.

On point (2) relating to the change of the date, counsel for contestant concedes that there is authority contrary to his contention, but argues that a proper construction of KRS 242.030, which reads: "The date of the election may be stated in the petition * * *. If the date is not stated, it shall be designated by the court," makes it mandatory. Counsel cites Morgan v. Walker, 289 Ky. 92, 158 S. W. 2d 5, and suggests that we follow it, notwithstanding our analysis of it on the point in the Donohue case, supra. It may be pointed out that here the proof shows acquiescence in change of date. The only apparent objection was to calling the election on a Saturday.

In the Donohue case we reviewed cases bearing on the subject, particularly Horning v. Fiscal Court of Caldwell County, 187 Ky. 87, 218 S. W. 989, saying that we regarded that opinion as conclusive of the right of the county judge to fix the date so long as it be fixed

within the statutory limitations. O'Neal v. Minary, 125 Ky. 571, 101 S. W. 951, 30 Ky. Law Rep. 888.

The final contention is that if under facts the election be held valid the result would be to deprive contestant of his property, and property rights, in violation of the due process clause of the Federal Constitution. U. S. C. A. Const. Amend. 14. He testified that he had invested a considerable sum in a business house, and a large stock of beverages; the value of which would be dissipated if the election be held valid. The right to regulate the sale of intoxicating liquors to the point of prohibiting is based upon the well grounded theory that one in the business does so under a highly guarded privilege, and not under an inherent right. Constitutional guarantees of equal protection and due process are not denied by the enforcement of local option laws. Ohio ex rel. Lloyd v. Dollison, 194 U. S. 445, 24 S. Ct. 703, 48 L. Ed. 1062; Meeks Motor Freight v. Falls City Brewing Co., 268 Ky. 213, 104 S. W. 2d 421. Licenses to engage in the business are not contracts vesting rights, but at all times subject to revocation by proper authorities, or the will of the people. Constitution, sec. 61. The fact that one engaging in the business is deprived of the right of use of his property does not deprive him of such property without due process. Fell v. State, 42 Md. 71, 20 Am. Rep. 83; People v. McBride, 234 Ill. 146, 84 N. E. 865, 123 Am. St. Rep. 82, 14 Ann. Cas. 994.

On the whole case we are of the opinion that the court properly dismissed contestants' petition, hence the judgment is affirmed.