## Saylor v. Robins, County Treasurer.

## Saylor, County Treasurer, v. Carter, Judge, et al.

February 14, 1947.

J. S. Cooper, Judge.

Ben D. Smith for appellant.

E. B. Thompson and Fritz Krueger for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

At the regular 1945 election for county officers for Rockcastle County, Charles C. Carter was elected county judge and five others were elected justices of the peace by the electorate of their respective districts. They with the elected county judge qualified and entered upon the duties of their respective offices on the first Monday in January, 1946. They now compose the present fiscal court of the county. The outgoing members of the fiscal court of the county were J. H. Lambert, county judge, and five justices of the peace. We will refer to the members composing the present fiscal court as the "new court," and to their immediate predecessors as the "old court."

At a regular session held on April 3, 1945—as appears from what purports to be an order of that county —the old court elected appellant, D: B. Saylor, treasurer of the county for a term of four years. He executed bond, took the oath of office and entered upon the performance of his duties.

No order made by the old court throughout that term from the time its members were installed was signed by the county judge, its chairman, on the order

book of the court made up by its clerk; nor was any minute of any order throughout the entire term of the old court signed by the county judge as presiding officer of that court. The members of the new court prior to January 7, 1946, had discovered that none of the orders of the old court, including the one electing appellant county treasurer, was signed by the then county judge. The new court therefore declared the office of county treasurer vacant, since as its members rightly concluded the unsigned order of appellant's election was void because of noncompliance with subsections (2) and (3) of KRS 67.100, which were before the adoption of that compilation, sections 1842 and 1843 of Carroll's Kentucky Statutes. The requirements of the two subsections relating to certifying records of fiscal courts are:

"(2) Before each adjournment, the minutes of the proceedings of the fiscal court shall be publicly read by the clerk of the court, and corrected if necessary, and shall be signed by the presiding judge, with the approval of the justices of the peace or county commissioners who were present when the court was held.

"(3) No minute or order of the fiscal court shall be valid until read and signed as required by subsection (2), nor unless the record shows by whom the court was held."

After appellee, Robins, was elected and qualified as county treasurer by the new fiscal court, appellant, Saylor, declined and refused to surrender his office, or any of the records thereof to appellee as elected treasurer by the new court. That refusal was followed by Robins filing his petition in the Rockcastle court against appellant, Saylor, in which he set out the above facts and asked for a mandatory injunction requiring Saylor to deliver to him the books, papers and records of his office, as well as the office room.

The answer of defendant, Saylor, contained a general denial, followed by a counterclaim in which he insisted that the election of himself by the old court to the contested office was valid and that Carter, the new county judge, as presiding officer of the new court could sign the order electing him treasurer in April, 1945, and to that end he sought a mandatory injunction against the chairman of the new court requiring him to sign, nunc

pro tunc, the order book upon which it was written by the clerk that he was elected in April, 1945. Out of abundant precaution he also cross-petitioned against the members of the old court and sought the same nunc pro tunc relief as against the old county judge as presiding officer of the old court, and the other members thereof requiring them to comply with the provisions of the sections of the statute supra so as to give validity to his election, he contending that such nunc pro tunc signing would relate back to and validate the order electing him in April, 1945.

The court sustained a special demurrer to appellant's cross-petition against the members of the old court, but overruled the special demurrer against plaintiff's right to maintain his counterclaim, either as a contender for the office or as a taxpayer of the county. The court, however, sustained the general demurrer filed by appellee, Robins, and other adverse parties to Saylor's cross-petition, and overruled appellant's demurrer to the petition of Robins. Appellant declining to plead further his cross-petition was dismissed, followed by a judgment that appellee, Robins "is now the duly elected, qualified and acting Treasurer of Rockcastle County, Kentucky, for the term ending in April, 1949, and defendant, D. B. (Boone) Saylor, is ordered to deliver to plaintiff on or before February 25, 1946, all the books, papers and records held by him which belong to the Treasurer of Rockcastle County, Kentucky, and he is enjoined from making further claim to said office or records belonging thereto." From that judgment appellant prosecutes this appeal.

It is conceded by both parties that the sole question involved is, whether or not orders of a fiscal court not signed by the county judge, nor any minutes thereof not so signed, may be validated by a nunc pro tunc signing after the adjournment of the term at which the order was attempted to be made? Support for appellant's contention that such nunc pro tunc signing may be made by the county judge as presiding officer of the fiscal court so as to make it valid from the time the order was entered of record by the clerk is attempted to be sustained by the citation of numerous opinions of this court, upholding and sustaining nunc pro tunc orders, making necessary corrections, where the court consisted of only one

official and the incorrections, including signing, was made by that single officer. Two late cases applying the nunc pro tunc rule to judgments rendered by a single member court are Harris v. Cannon et al., 304 Ky. 3, 199 S. W. 2d 429, and Hundley v. Hundley, 303 Ky. 658, 199 S. W. 2d 971. But in the cases of Fox v. Lantrip, 162 Ky. 178, 172 S. W. 133; Fox v. Lantrip, 169 Ky. 759, 185 S. W. 136, and Vansant v. Watson, Judge, 230 Ky. 316, 19 S. W. 2d 994, it was expressly held that such nunc pro tunc orders of *fiscal* courts composed of more than one person could not be made after the adjournment of the term at which they were voted, so as to render them valid when they were invalid under the provisions of the statutes supra, so as to validate the order from the time of its entry by the clerk of that court, who is the county court clerk. Those cases expressly point out the distinctions as to the power and authority of a one person court to enter nunc pro tunc orders made by it to perfect prior omissions so as to make them legal and valid, and orders and judgments of a fiscal court when invalid and void when made, through failure to comply with the provisions of the statutes supra.

The distinction is also pointed out in the case of May v. Duncan, 157 Ky. 586, 163 S. W. 1089, but the question there was whether or not a county court consisting only of the county judge might enter such validating orders under the nunc pro tunc doctrine. In the course of that opinion it was pointed out, in answer to earlier cases holding that a *county* court could not validate its invalid orders by a later nunc pro tunc one. It was shown in that opinion that when those prior county court orders were made practically the same provisions with reference to validating county court judgments and orders prevailed as to such courts, but such requirements as to county court orders have been repealed and no longer exist. We deem it unnecessary to insert excerpts from our opinions in the cases supra, since a mere reading of them will disclose the courts' reasons for making the distinction between courts composed of a single member, and fiscal courts composed of a number of members.

We are cited in brief of learned counsel for appellant to the cases of Flowers v. Logan County, 138 Ky. 59, 127 S. W. 512, 137 Am. St. Rep. 347, and Clark v.

Logan County, 138 Ky. 676, 128 S. W. 1079, in which it was held, in substance, that completely executed illegal orders of a fiscal court by an officer or the one whose duty it was to execute them, had been accepted and the benefit therefrom was received by the public could not be held liable either by the county or a taxpayer for expenditures made by him, under the doctrine of estoppel, and which rule will no doubt serve as a defense to many possible litigations that might be brought in the future because of the unsigned orders of the old fiscal court of Rockcastle county. The attacked order in this case does not involve the collection or payment of funds by the appellant, but only the one purporting to elect him county treasurer.

However, the rule so announced in the Flowers and Clark cases is not available to the appellant in this case, since the only deprivation that he will sustain under the judgment appealed from is the right to continue in office to which he was never legally elected because the order of the Rockcastle fiscal court electing him, was, under the statutes supra, illegal and void. That being true he was only a de facto officer for the period he served as such and is not in position to insist on occupying the office until the expiration of the term for which he was illegally elected.

The situation of the people of Rockcastle County should be a warning to the electors of all counties of the state to elect only persons who are informed as to the duties of the office and possessing the requisite diligence to observe them. Had that been done by the voters of Rockcastle County in this case, the present disastrous predicament of the county would not have occurred.

Wherefore, the judgment is affirmed.