David L. Armstrong, Atty. Gen., Catherine C. Staib, Sp. Acting Asst. Atty. Gen., Dept. of Alcoholic Beverage Control, Frankfort, for appellant.

Samuel Manly, Louisville, for appellee.

**COMMONWEALTH of Kentucky, Appellant,**

v.

**Jeanetta SEABOLT, Appellee.**

Court of Appeals of Kentucky.

May 4, 1984.

Before DUNN, LESTER and McDONALD, JJ.

McDONALD, Judge:

This appeal is from a circuit court opinion and judgment declaring K.R.S. 244.-290(4) unconstitutional. This statute provides:

> In any county containing a city of the first or second class or in any city located therein in which sale of distilled spirits and wine is permitted under KRS Chapter 242, the respective legislative body of such city or fiscal court, of such areas, shall have the power by duly enacted ordinance, to permit the sale of distilled spirits and wine by the drink on Sundays from 1 p.m. until a closing hour to be established by the legislative body of the area concerned, by hotels, motels, and restaurants which are licensed for the retail sale of distilled spirits and wine by the drink and which have dining facilities with a minimum seating capacity of one hundred (100) people at tables and which receive at least fifty percent (50%) or

more of their gross annual income from the dining facilities by the sale of food.

Pursuant to K.R.S. 244.290(4), the city of Louisville duly enacted Ordinance 111.-036(3) permitting the issuance of limited licenses for Sunday sales of distilled spirits.

The factual background of this case is well summarized by District Judge Thomas Garvey's findings of fact:

On Sunday, July 25, 1982, the Defendant, Jeanetta Seabolt, holder of State and City of Louisville Liquor Licenses for the Lemon Tree Lounge, located at 1715 Berry Boulevard, in Louisville, sold a drink of distilled spirits. The Defendant was cited by a representative of the Louisville Office of Alcoholic Beverage Control for violation of KRS 243.020(1), KRS 244.290 and City Ordinance 111.036(3) for selling liquor by the drink on Sunday without a license.

It was further stipulated that the Lemon Tree Lounge has a capacity to seat approximately two hundred twenty (220) persons at tables, but that the Defendant serves only snack foods and that the Defendant does not receive at least fifty percent (50%) of her gross annual income from dining facilities. The Defendant had previously applied for a license to sell liquor on Sunday, but was denied. [Findings of Fact, Conclusions of Law, Jefferson District Court].

Jeanetta Seabolt wanted to test the law for reasons, brought out in oral argument, of perceived discrimination. In reality, it was neighborhood taverns, etc., against hotels, motels and restaurants. Seabolt and others in her situation feel they are losing patrons on Sundays because they can't sell distilled spirits by the drink, the result being that the patrons are being weaned away to the hotels, motels and restaurants during the other days of the week.

Seabolt moved in the Jefferson District Court, without success, to dismiss the citation against her on constitutional grounds. She was convicted and fined $100 plus court costs for her violation. She then appealed to the Jefferson Circuit Court.

The Jefferson Circuit Court, by opinion and judgment, declared K.R.S. 244.290(4) unconstitutional, and null and void in its entirety; however, we find some discrepancy in the circuit court's opinion, as evidenced by this language:

In finding KRS 244.290(4) unconstitutional, this Court finds the statute, void and ineffective for any purpose, not merely from the date of this ruling, but from the time of the enactment of the Statute. However, this invalidity and ineffectiveness is limited to the case presently before the Court. Since the law is found to be void, it imposes no duties.

In effect, we have a trial court holding a statute unconstitutional for one case.

Discretionary review was granted by this court to address the constitutionality issue. This court stated in *Lewis v. Smothers,* Ky.App., 663 S.W.2d 228 (1984), that the "liquor business" is in a class by itself subject to broad legislative control and regulation. It is not treated like other businesses due to its special and unique character. In that rationale, this court did no more than follow our highest court's reasoning as found in *Alcoholic Beverage Control Board v. Woosley,* Ky., 367 S.W.2d 127 (1963); *Kentucky Alcoholic Beverage Control Board v. Klein,* 301 Ky. 757, 192 S.W.2d 735 (1946); and *Harris v. Cannon,* 304 Ky. 3, 199 S.W.2d 429 (1946).

Our highest court, as late as 1982, in *Alcoholic Beverage Control Board v. Taylor Drug Stores, Inc.,* Ky., 635 S.W.2d 319, 322–23 (1982), said:

[I]f there is any reasonable basis for legislation that treats one class of people or their business or occupation differently from another, the courts should uphold this legislative choice. It is well known and long recognized that the liquor business warrants closer supervision and control by the state than most other commercial pursuits. Whether the pricing of commodities in that business ought to be separated out from the other areas of state control may be a fair question, but at least it is arguable, and we think it is an argument that falls within

the prerogative of the General Assembly to decide.

■ We read by these decisions that the legislature may, in its discretion, absolutely prohibit the sale of distilled spirits; may permit sales without any regulation or control; or may enact any legislation that falls between the two extremes.

■ The appellee in oral argument and brief does not contest the history and the philosophy of the cases cited dealing with our liquor laws. Appellee says that the circuit court was correct in its opinion which said:

The classification used in the statute with regard to the required percentage of gross proceeds attributable to food sales is arbitrary, and bears no relation to the legislative intent. The Statute contains no requirement that food be served on the premises in order to qualify for Sunday liquor sales.

Her position is confined to the argument of arbitrariness of the statute which she maintains bears absolutely no rational relationship to any valid state purpose. We disagree. It is no large surprise to anyone that the legislature, by the enactment of K.R.S. 244.290(4), intended to enable those classified in the statute to be in a position to compete for tourist and convention business with those similarly situated in bordering states who were acting under less restrictive circumstances. Surely this intent is a valid state purpose.

In *Fann v. McGuffey*, Ky., 534 S.W.2d 770 (1975), our Supreme Court said, addressing the issue of the court's responsibility of considering a piece of legislation as to its constitutionality, "but it is the duty of the court to save it if possible, and not to condemn it if there is a reasonable doubt of its unconstitutionality. [Case cited.] We resolve any such doubt in its favor." In the United States Supreme Court, the case of *New York State Liquor Auth. v. Bellanca*, 452 U.S. 714, 718, 101 S.Ct. 2599, 2601, 69 L.Ed.2d 357 (1981), discusses the constitutionality of this type of state lawmaking and offers the following:

In short, the elected representatives of the State of New York have chosen to avoid the disturbances associated with mixing alcohol and nude dancing by means of a reasonable restriction upon establishments which sell liquor for on-premises consumption. Given the "added presumption in favor of the validity of the state regulation" conferred by the Twenty-first Amendment, *California v. LaRue*, supra [409 U.S.] at 118, 93 S.Ct. 390, [at 397,] 34 L.Ed.2d 342 we cannot agree with the New York Court of Appeals that the statute violates the United States Constitution. Whatever artistic or communicative value may attach to topless dancing is overcome by the State's exercise of its broad powers arising under the Twenty-first Amendment. Although some may quarrel with the wisdom of such legislation and may consider topless dancing a harmless diversion, the Twenty-first Amendment makes that a policy judgment for the state legislature, not the courts.

This reasoning of the United States Supreme Court mirrored against the statute and ordinance herein convinces us that K.R.S. 244.290(4) is constitutional.

The circuit court is reversed. We respectfully direct the circuit court to set aside its opinion and judgment and affirm the opinion and judgment of the Jefferson District Court.

All concur.