## Morgan v. Walker et al.

Oct. 20, 1942.

W. R. Henry and G. W. Stephens for appellant.

J. C. Bird, and B. J. Bethurum for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

In the first appeal of this case, Morgan v. Walker, 289 Ky. 92, 158 S. W. (2d) 5, we held that it was error to sustain a demurrer to the contestant's petition wherein it was charged that sheets of names were taken from an abandoned petition calling for a local option election on March 14, 1941, and attached to a petition wherein the date of the election was left blank. We pointed out that there were obvious reasons why persons might sign a petition calling for an election at a specified time and who would be unwilling to sign one which left the setting of the day of the election to the county judge. We also commented upon the charge that there was no election in either the West Stearns or North Whitley precincts, and that the voting places for those precincts were without their boundary lines. We said that it was the intention of the legislature that a voting place be located in each precinct and that a voter be required to vote in the precinct in which he resides; and further that there must be at least a substantial compliance with the provisions of KRS 118.050 (KS 1443) in the fixing of voting places in the precincts of a county.

Upon the return of the case the issues were joined and proof taken on the two propositions just mentioned. The chancellor found "* * * that the Local Option Election held in McCreary County, Kentucky, on the 14th day of June, 1941, was regularly and properly called upon a sufficient and regular petition of the required number of legal voters of said county; * * *." The judgment further sets forth that:

"* * * while the said election in the North Whitley Precinct and in the West Stearns Precinct was held slightly across the line in another precinct in each case, conducted by elections officers from the said two precincts and the legal voters of the said two precincts and no others, voting therein, and the polling places of the two said precincts being at the same place where the voters of each of said two

precincts had been casting their votes in previous elections, and same had been done in good faith by the county officials, election officers and voters; that all of the voters in each and all of the precincts in the said county, who desired to vote in said election, had a full and free opportunity to do so, and did participate in said election in large numbers. It is therefore considered and adjudged by the court that the said election was regular and valid in all particulars. * * *''

Having ruled against the contestant on both grounds, the chancellor dismissed his petition. This appeal is from that ruling.

It is a well recognized rule of this Court that a ruling of the chancellor will not be disturbed if we entertain no more than a doubt as to its correctness. Hudson v. Howell, 288 Ky. 422, 156 S. W. (2d) 477, and cases cited therein. We have reviewed the evidence relating to the manner in which the petition was prepared, and while some of that offered by both sides has none too true a ring, we find ourselves entertaining no more than a doubt as to the correctness of the chancellor's conclusion that a regular and proper petition was filed. The contestant was able to show, as, indeed, does the petition itself, that many of the signatures were obtained during the months of January and February, 1941. This, of course, was prior to March 14th, the date set in the original petition. He was unable to show, however, just when the original petition was abandoned and the new one circulated. The contestees brought forth proof that the petition was regularly prepared and that the signatures were obtained to captions leaving blank the date of the election.

The contestant insists that, since he showed that there was an old and a new petition and that it was peculiarly within the knowledge of the contestees when the former was abandoned and the new one initiated, the burden of proof shifted to them on this point. He cites numerous cases, including those of McArthur v. Payne, 201 Ky. 793, 258 S. W. 684, and Black Mountain Corporation v. Thompson, 285 Ky. 306, 147 S. W. (2d) 708, in support of this contention. Those cases are founded on the general proposition that the withholding of evidence by a party which for some reason is known to him and not to his adversary, such as a record of a railroad, a life

insurance company or an employer, raises a presumption that such evidence would be unfavorable to him. This case presents no such situation. The contestant, as well as the contestees, knew that two petitions were widely circulated throughout McCreary County. Unquestionably, names were secured to both of them during the month of January, 1941. Some of the witnesses for the contestees said that they could not recall just when the new petition was initiated. It is conceivable that they were telling the truth. In any event, the actions and conduct of those circulating the petitions or captions must have been known to many persons in the county. There was no fact or bit of evidence relating to the time of initiating the new petition peculiarly within the knowledge of those advocating prohibition. As we have noted, there was conflicting proof as to when the old petition was abandoned and the new one initiated; and while, as we have indicated, we are not particularly impressed with some of the evidence offered by both sides, we entertain no more than a doubt as to the correctness of the ruling of the chancellor on this proposition, and therefore we are unwilling to disturb it.

The evidence shows without doubt that there was substantial compliance with KRS 118.050 (KS 1443) in the holding of the election in West Stearns and North Whitley precincts. It supports the foregoing quotation from the judgment on this proposition. The voters in the North Whitley precinct have voted in the court house since the erection of the first court house in Mc-Creary County some 30 years ago, with the exception of the year the old court house was destroyed by fire. The election in question was held in the same place in the court house where every election has been held since the new court house was built some 15 years ago. The election was held for the West Stearns precinct in the same place where it was held for the presidential election in 1940. The voting place is located in a gymnasium. This building is adjacent to and bordering on the road which divides the two Stearns precincts. When the voting place was changed in 1940, notices of the change were posted in several places, and the following notice appeared in a newspaper published in Stearns:

"West Stearns Precinct Moved

"The West Stearns Voting Precinct from this

date on will be in the Stearns Gymnasium instead of on the hill as formerly. This change has been made to facilitate voting in Stearns. Both East Stearns and West Stearns will vote in the Gymnasium with two sets of officers, one for each precinct as former-ly.''

While the contestant showed conclusively that the voting places for the two precincts in question were just over the line in other precincts, there was an absence of proof to show that this caused confusion among the voters resulting in their failure to vote. The case of Anderson v. Likens, 104 Ky. 699, 47 S. W. 867, dealt with a situation where notice of the change in a voting place was published the day before the election and not in strict compliance with KRS 118.050 (KS 1443). In that opinion it was said that, since there was substantial compliance with the statute in question, the vote of an entire precinct should not be rejected by reason of a change in the voting place where it appeared that the place selected was the nearest that could be obtained to the former voting place, and where it did not appear, as in the case at bar, that the change was fraudulently made, or that an elector was deprived of his privilege of voting. As pointed out above, we are of the opinion that there was substantial compliance with the provisions of KRS 118.050 (KS 1443) in the fixing of the voting places in the West Stearns and North Whitley precincts.

Judgment affirmed.