## Karloftis et al. v. Helton, Sheriff, et al.

March 14, 1944

464

S. H. Brown and Arthur Rhorer for appellants.

H. L. Bryant and W. T. Davis for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

Appellants contest the result, as certified by the Board of Election Commissioners, of the local option election held in the First Magisterial District in Bell County on May 8, 1943. The motion to dismiss the appeal was passed to the hearing on the merits of the case. Since we have concluded that the decision of the lower court should be affirmed, we will disregard the motion to dismiss.

The first ground for contest is that the election is violative of Section 6 of the Constitution of Kentucky, providing that all elections shall be free and equal. The basis for this contention is that more than six hundred legally qualified voters of the district, at the time of the election, were members of the armed forces of the United States of America, and stationed at various Army and Navy posts at home and abroad, and that additional legally qualified voters were engaged in work essential to the defense of the nation; none of whom, because of their enlistment in the armed forces and their obligation to remain at their posts of duty in defense work, were present at their voting precincts on the day of the election; and, because their absence therefrom was due to circumstances beyond their control, they were not permitted to vote on the question submitted to the electorate at the election. It is additionally contended that, because of the above state of facts, the plaintiffs, McGregor and Karloftis, who were engaged in the sale at retail of intoxicating liquors in the magisterial district involved, have been deprived of their property without due process of law, in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States.

It is next contended the election was void, because the question submitted was not sufficiently specific for the voter to determine the scope of the question to be decided at the election. In this connection, it is pointed out that the question, "Are you in favor of adopting prohibition in Magisterial District No. 1 of Bell County, Kentucky," although complying with the statutes in respect to the question to be submitted to the voters in like and similar circumstances, does not indicate to the voter that intoxicating liquors or any other alcoholic beverages, or any other specific thing, is the business the dealing in which is to be prohibited.

The next ground for contest is that the election was not free and equal, because persons representing the dry forces of the county caused school teachers, school children, and other persons to block the highways, roads, and streets of the district for the accomplished purpose of prohibiting persons favoring the side to which they were opposed from voting at the election.

The final contention is that the election was not free and equal, because persons representing the dry side of the question remained at a closer distance than fifty feet from the polls in every precinct in the district at all times during the progress of the election.

The demurrer to the petition setting forth the grounds above stated was sustained by the court, and the contest dismissed. Therefore, the only question for our determination is whether any of the alleged grounds were sufficient, if established by the evidence, to render the election void.

To uphold the first contention would be to declare that all elections for all purposes in times of war should cease, and that the civil government of the United States and the Commonwealth should no longer continue to function. Such was not the purpose of the framers of either the Constitution of the Commonwealth of Kentucky or the Constitution of the United States. No soldier of the Army or Navy, or other branch of the armed services of the country, was prohibited from voting at the election in question. The mere fact that he was engaged in duties which prevented him from presenting himself at the polls at the time the election was held did not take from him his right of suffrage, any more than one engaged in private business who was

unable to present himself at the proper time and place to cast his ballot. Section 147 of the Constitution, among other things, provides that all elections by the people shall be by secret official ballot, and marked by each voter in private at the polls, and then and there deposited. Section 6 of the Constitution providing for free and equal elections was adopted at the same time as Section 147, and each was adopted in deference to the other. Reading the two sections together, we have no difficulty in determining that it was the purpose of the framers of the Constitution to provide that all elections shall be free and equal, but to be participated in only by eligible voters who present themselves at the polls and cast thereat a secret ballot. If the election officers, or the Act providing for an election, prohibit a voter or a certain class of voters who would otherwise be eligible to vote from casting his ballot or their ballots at the election, the Constitutional provisions relied upon would be violated. But since the Constitution provides that absentees may not vote, one may not complain that he has been prevented from casting his ballot by reason of the fact that he is unable to present himself in person at the polls on the day of the election. Appellants rely upon the decision of this court in the case of Wallbrecht v. Ingram, 164 Ky. 463, 175 S. W. 1022, 1026, wherein it is said:

"The very purpose of elections is to obtain a full, fair, and free expression of the popular will upon the matter, whatever it may be, submitted to the people for their approval or rejection; and when any substantial number of legal voters are, from any cause, denied the right to vote, the election is not free and equal, in the meaning of the Constitution."

We approve the principle of law expressed in the foregoing quotation; but hold that one who, from any cause, cannot present himself at the polls, is not necessarily one who, from any cause, is denied the right to vote. No soldier in the armed forces of the country, or in work necessary to the defense of the country, is denied the right to vote, because his duties prevent him from presenting himself at the proper time and place to cast his ballot.

The second contention has been disposed of by this court adversely to appellants' contention in the case of Keeling v. Coker, 294 Ky. 199, 171 S. W. (2d) 263,

and the more recent case of Neff v. Moberly, 296 Ky. 319, 177 S. W. (2d) 7. Since the reasons for the holding are clearly set out in those opinions, it is unnecessary to discuss the question further.

Evidence that school teachers, school children, and other persons blocked the highways, roads, and streets of the district, in a reprehensible manner, and that persons representing the cause of prohibition remained at a closer distance than fifty (50) feet from the polls, equally reprehensible, is not sufficient proof, in itself, to justify the conclusion that the election was not free and equal. There is no allegation that any named person opposed to prohibition was prevented from casting his secret vote by reason of any of the acts depicted.

Since we have concluded that the election was held in accordance with the provisions of the Constitution of Kentucky, and the Statutes enacted in pursuance thereof, it follows that the election did not violate the Fifth and Fourteenth Amendments to the Constitution of the United States, forbidding the deprivation of property without due process of law. We are therefore of the opinion that the court properly sustained the demurrer resulting in the dismissal of the petition.

The judgment is affirmed.