# Cantrell et al. v. Adams et al.

Nov. 3, 1944.

Joe P. Tackett and Cléon K. Calvert for appellants.

W. R. Prater for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Affirming.

Seven legally qualified voters of Johnson County brought this action under KRS 242.120 against the election commissioners of that county to contest a local option election held on May 8, 1944. A demurrer was sustained to the petition and upon plaintiffs' declination to plead further their petition was dismissed and they appeal.

The petition sets out but one ground for contest; that at the time the election was held 2,714 "dry" and 1,401 "wet" ballots were cast and that there were 2,700 legal voters, including plaintiffs, involuntarily absent from Johnson County in the armed forces of the United States who were without power to cast their votes. That a militant minority of the voters in the county took advantage of the enforced absence of these 2,700 voters and fraudulently called the election, well-knowing that the provisions of the State Constitution prohibited absentee voting in local option elections and they thereby violated sec. 6 and sec. 145 of the Kentucky Constitution, and the Fifth and Fourteenth Amendments of the Federal Constitution in calling the election when 2,700 voters were involuntarily out of the county.

Section 145 of the Kentucky Constitution gives the qualifications of legal voters, and sec. 6 thereof provides that all elections shall be free and equal. The Fifth and Fourteenth Amendments of the Federal Constitution guarantee equal protection and due process of law to all citizens.

The brief filed for plaintiffs asserts that the question presented here is different from the first one presented in Karloftis v. Helton, 297 Ky. 463, 178 S. W. 2d 959, 960, but it fails to tell us wherein the difference lies. In addition to stating in the Helton opinion that no member of the armed forces of our country was prohibited from voting in a local option election, or was deprived of the right of suffrage by reason of any inability to be present at the polls on account of being in the service, it was said: "To uphold the first contention would be to declare that all elections for all purposes in times of war should cease, and that the civil government of the United States and the Commonwealth should no longer continue to function. Such was not the purpose of the framers of either the Constitution of the Commonwealth of Kentucky or the Constitution of the United States."

Plaintiffs criticize the quoted language from the Helton opinion on the theory that while it might be applicable to an election concerning the selection of governmental officers it has no application to the social, moral or economic question of whether or not intoxicating beverages should be sold in a county. Section 61 of our Constitution permits the Legislature to provide for taking the sense of the voters on the question of the sale of intoxicating beverages in a county, and we can see no reason why what was said in the Helton opinion should not apply with the same force to a local option election as it does to one where governmental officers are chosen.

Appellants seize on this expression in Hall v. Marshall, 80 Ky. 552, 557, 4 Ky. L. Rep. 502: "There is a marked distinction between elections for public officers and elections held under legislative sanction upon matters affecting local interest, such as votes for and against local option, the removal and location of county seats, and even upon the question of local taxation." Judge Pryor there was speaking with reference to the Legislature's authority to make provision as to the manner in which such local elections should be held and how the

votes cast should be canvassed or the returns counted. He did not say that citizens who were absent at the time local option elections were held had any higher or more sacred right to vote in such elections than in one at which governmental officers were selected.

The opinion in Karloftis v. Helton, 297 Ky. 463, 178 S. W. 2d 959, further held there was no violation of the Fifth and Fourteenth Amendments of the Federal Constitution by that local option election, and as the United States Supreme Court refused to grant certiorari (322 U. S. 713, 64 S. Ct. 1269, 88 L. Ed. ——) it is not necessary here to further pursue that question.

The judgment is affirmed.