## Booth v. McKenzie et al.

March 22, 1946.

216

J. D. Atkinson and J. W. McKenzie for appellant.

Thomas E. Nickel for appellees.

OPINION OF THE COURT BY JUDGE LATIMER—
Affirming.

Pursuant to an order of the Greenup County Court, local option election was held in Greenup County on May 21, 1945, resulting in a victory for the Drys by a margin of 850 votes.

The appellant, Orville Booth, filed his contest petition in the Greenup Circuit Court, wherein he alleged (1) that notices of the election were not published as required by Section 242.040, KRS; (2) that in Fullerton Precinct No. 1 the election officers wrongfully and unlawfully suffered and permitted unauthorized persons to enter the voting place to electioneer for the Drys, and that the election was not held in the regular voting place but was held in the Church of God, and that the pastor of the church was permitted by the officers wrongfully, illegally and unlawfully to remain in the church house and within 50 feet of the place where the election was being held; (3) that the election commissioners had unlawfully failed to tabulate any votes in Argillite Precinct wherein the Wets received a majority of 44 votes; (4) that the election commissioners failed to tabulate any votes in the Hunnewell Precinct, wherein the Wets received a majority of 34 votes; (5) that in each and every precinct in the county, the election officers wrongfully and unlawfully suffered and permitted, during the

hours of the election, unauthorized persons to enter voting place at will to electioneer for the Drys; and (6) that the election was not free and equal as guaranteed by Section 6 of the Constitution of Kentucky, because the Greenup County Ministerial Association and other militant Drys entered into a conspiracy to call and hold a local option election at a time when more than three thousand registered voters of Greenup County were in the armed forces of our Country and absent from the State.

The cause was submitted on the pleadings, proof and exhibits, and by judgment, the court dismissed the petition. Plaintiff appeals.

We shall discuss the contentions in the order above. Appellant introduced numerous witnesses from all sections of the county who testified that they did not see any notices of the election in any public place prior to the election. The appellees introduced numerous witnesses who testified that they did see posted notices. The negative evidence of the appellant in this respect, when compared and weighed with the returns made and the evidence of the deputies that the notices were duly posted, supported by the evidence of the positive testimony of numerous witnesses that they saw posted notices, is not at all impressive. See Donohue v. Swindler, 299 Ky. 119, 184 S. W. 2d 348.

It will be noted that in the allegations concerning the irregularities in Fullerton Precinct No. 1, no voter was named in the .petition, nor was there any proof that such voter was deprived of his vote or influenced by the alleged irregularities. We have held that failure to set out the names of the voters constitutes defective pleading. See Breck v. Williams, 260 Ky. 569, 86 S. W. 2d 324; Goodwin v. Anderson, 269 Ky. 11, 106 S. W. 2d 152; Jackson v. Bolt, 292 Ky. 503, 166 S. W. 2d 831.

There is no merit in the contention of number 3, above. There the commissioners refused to tabulate the Argillite Precinct because there were 12 more ballots in the ballot box than voters as shown upon the stubs. At any rate, since there was only a 44 majority, even though they had been counted, it could not have influenced the election as a whole.

The failure to tabulate the Hunnewell Precinct resulted from the fact that both the primary and second-

ary stubs were attached to the ballots. We have held that ballots with the primary stubs attached are invalid. See Adams v. Letcher County, 299 Ky. 171, 184 S. W. 2d 801. It can likewise be said, as of the Argillite Precinct, that the failure to tabulate the ballots from the Hunnewell Precinct could not have influenced the election as a whole as there was only a 34 majority for the Wets in this precinct.

The contention of appellant under (5) above as to the irregularities in each and every voting precinct is not well taken for the same reason as under (2) above. No voter is named in the petition and no proof whatever to sustain such allegation.

The contention that the election was not free and equal, and void because of the absence of three thousand voters is also without merit. We have held that local option election was "free and equal" within constitutional requirement, notwithstanding substantial number of legal voters were absent in armed service. See Cantrell v. Adams, 298 Ky. 845, 183 S. W. 2d 492; Kobs v. Ross, 298 Ky. 267, 182 S. W. 2d 340; Karloftis v. Helton, 297 Ky. 463, 178 S. W. 2d 959.

It is further argued by the appellant, although not pleaded, that the election was void because the county clerk was unable to find record wherein could be found the establishment of the election precincts and the boundaries thereof. There is nothing in the record to show but that the precincts as named had been long recognized as the precincts by the election judges and acted upon by the voters generally as the true precincts in previous elections. There is an absence of proof to show that there was any confusion among the voters or that any elector was deprived of his privilege of voting, or but that this election was held in the precincts as other previous elections, or that there was any change made in the lines of the precincts to confuse voters. There is nothing persuasive in this contention either. See Morgan v. Walker, 292 Ky. 188, 165 S. W. 2d 950. It becomes, therefore, unnecessary to discuss the matter of failure to plead that as a ground pursuant to KRS 122.070.

We conclude, therefore, there is no merit in appellant's contentions, either separately or as a whole.

Wherefore, the judgment is affirmed.