## Pinson v. Hughes et al.

June 13, 1947.

Rehearing denied October 3, 1947.

Edward L. Allen, Special Judge.

J. Erwin Sanders and Francis M. Burke for appellant.

P. B. Stratton for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

The judgment in this contest of a local option election, held in Magisterial District No. 5 of Pike County,

sustained the election. The returns were 761 in favor and 466 against, giving a majority of 295 votes for prohibition.

All the issues have been decided in Hughes v. Ramey, 305 Ky. 127, 203 S. W. 2d 63, except the fact of the sufficiency of advertising the election by posting handbills or notices. On this appeal the contestant, Earl Pinson, insists that the order calling the election was invalid for the reason that it grouped all the districts into one "territory." That point was decided adversely to the appellant in the Ramey case, although it was somewhat collateral.

The only witness heard on the issue of fact was Bristol Hale. He had no knowledge of the boundary of the precincts, and his inquiry was made of a woman who never voted and who also was deplorably lacking in the knowledge he sought. His testimony, brought out by many questions, describes two long and difficult journeys into this neighborhood. He turned here and went there; up this creek and down that road—all of which is incomprehensible to the reader. There was no excuse for sending an officer upon this important mission without definite knowledge of the locality. The boundaries of the precincts and the districts are matters of record. KRS 25.700, 116.180.

We adopt the following part of the opinion of the trial court: "This witness might well be called, 'the lost or wandering Deputy.' It is true that he states in his deposition that he did not post notices in Brushy No. 20, Raccoon No. 46, Varney No. 48 or Fluty No. 49. However, from a reading of his entire testimony it leaves the mind of the Court in doubt as to whether he at any time knew whether he was in this or that precinct in the performance of his duties. No other witness was introduced as to this district other than this Deputy. All in all, it leaves the mind of the Court in doubt as to whether the notices were posted as required by law by this Deputy. He evidently secured a sufficient number of notices since he made two trips into the District. It may be that he was correct in saying that he did not post notices in the precincts above set out, yet taking his testimony as a whole and in view of the requirements that an officer's return can only be impeached by clear

and convincing testimony forces me to hold that the contestant in this District did not meet the burden of proof.''

The judgment is affirmed.