## Batnich v. Pollock.

June 13, 1947.

James S. Forester, Judge.

J. B. Wall, Wm. E. Wall and C. A. Bailey for appellant.
George R. Pope for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES— Affirming.

The appellee, Paul Pollock, who was the plaintiff below, recovered a judgment for $650 against the appellant, John Batnich. The sole ground urged for reversal of the judgment is that the evidence is insufficient to sustain the verdict, and the trial court therefore erred in overruling appellant's motion for a directed verdict in his favor.

The national origin of the parties does not appear, but Pollock, who speaks little, if any, English, testified through an interpreter. Batnich speaks broken English. It was alleged in the petition that on October 1, 1944, the defendant contracted with the plaintiff to pay him $1.50 a day and plaintiff agreed to work on defendant's farm and do such other work as defendant required of him.

In addition to the monetary consideration, plaintiff was to receive board and lodging. Plaintiff alleged that he worked seven days a week from October 1, 1944, to June 16, 1946, or 590 days in all, and he sought a recovery of $885. The defendant lived at Cumberland in Harlan County, but he owned a small tract of land just over the line in Letcher County. On October 1, 1944, Harlan County was local option territory and Letcher County was wet territory. Appellant operated a liquor store on his property in Letcher County near the county line. Appellee testified that part of his duties was to wait on customers of the liquor store and to sleep in an adjoining room, as appellant had no one to stay in the building and guard it at night. He was also required to feed and look after 10 or 15 head of cattle which appellant kept on the land. Several neighbors testified that appellee worked in the liquor store, slept in the basement of an adjoining room, and fed the cattle. Appellant denied he agreed to pay any wages to appellee. He testified that appellee was an inmate of the Harlan County "Poor House," or home for the aged, was 80 years of age, and unable to perform manual labor, but at his solicitation appellant took him to the farm in Letcher County and agreed to furnish him board and lodging. According to appellant, this was a mere gratuity. Due, no doubt, to the linguistic difficulties, the evidence as to a contract was meager, but the appellee did state positively that he was employed by appellant who agreed to pay him $1.50 a day.

Appellant complains because all of the evidence concerning a contract was elicited by leading questions. An examination of the record discloses that the questions were not leading, and further that no objections were made. The evidence as to the existence of a contract and its terms was sufficient to take the case to the jury and to sustain its verdict.

The judgment is affirmed.