## Hughes et al. v. Smith.

June 13, 1947.

Edward L. Allen, Special Judge.

P. B. Stratton for appellant.

F. M. Burke for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER —Affirming.

There was a majority of 573 votes in favor of prohibition in Magisterial District No. 2, of Pike County, in a local option election held September 30, 1946, the return being 1,558 and 985 votes, respectively.

The issues in the contest of the election were the same as in Hughes v. Ramey, 305 Ky., 127, 203 S. W. 2d 63 and other cases decided today. But the appellants in this case raise the question of the validity of an order extending the time for the contestant to complete his proof from December 27, 1946, to January 6, 1947, over their objection. There had been an agreed order giving the contestant until December 27th to take proof and the contestees until January 16th. The contestees filed exceptions to depositions taken during this extended period and they were overruled. It is contended that this was error and with those depositions stricken that the contestant failed to establish his case. We do not ascribe to such an agreed order the finality of an agreed judgment. It was interlocutory and the granting of the extension of time was within the discretion of the court. It was shown in support of the motion for more time that the contestant's attorney had been recently injured in an automobile accident and that a heavy snow had made the roads almost impassable. We do not think the court abused his sound discretion in granting this additional time.

The sheriff testified he designated deputy R. B. Doak to this district, but Doak says he did not, and testified that he posted no notices there. Bristol Hale, assumed the task. He called on Bert Hamilton, another deputy, to assist him. They undertook their mission at night and were caught in a rainstorm and quit. They do not know how many bills were posted in each sep-

arate precinct. We concur in the opinion of the trial judge that if the decision should depend upon Hale's testimony, it would have to be that the contestant did not prove a failure to advertise the election legally. The testimony of Hamilton, who knew the territory, is equally as unsatisfactory. But there was much corroborative testimony and a satisfactory showing that not more than 15 or 16 notices were posted in the entire district of 12 precincts.

Upon the authority of Hughes v. Ramey, and the evidence in this particular case, it is necessary to affirm the judgment. It is so ordered.