**LIGON v. BEENY, Sheriff, et al.**

Court of Appeals of Kentucky.

May 8, 1953.

Rehearing Denied June 19, 1953.

———◆———

Dailey & Fowler, Frankfort, for appellant.

Maubert R. Mills, Madisonville, for appellees.

CULLEN, Commissioner.

The appeal is from a judgment in an election contest suit, upholding the validity of a local option election in the city of Dawson Springs, which resulted in favor of prohibition. The sole contention on the appeal is that the proof established that notices of the election were not properly posted in five conspicuous places in each of the three precincts in the city for two weeks before the election, as required by KRS 242.040.

The sheriff, through a deputy, made a written report of posting, as required by the statute. The report was attacked by the appellant, under KRS 61.060, by pleading mistake in the report.

Although the appellant makes some contention that the evidence proves that the required number of notices were not posted, the main argument seems to be that the notices were not posted in "conspicuous" places. One of the deputies who posted the notices testified positively that they were posted in five different places in each precinct. Testimony by witnesses for the contestants, to the effect that they did not see or find notices at the places where the deputy said they were posted, was not sufficient to overcome the positive testimony of the deputy. Donohue v. Swindler, 299 Ky. 119, 184 S.W.2d 348; Booth v. McKenzie, 302 Ky. 215, 194 S.W.2d 63; Harris v. Cannon, 304 Ky. 3, 199 S.W.2d 429. Nor was the court required to accept, as convincing, the testimony of interested witnesses that after the election they found four of the notices posted on top of each other in one place.

In one precinct, the voting place was in a private garage, at the end of an alley

on which opened the back entrance of the postoffice. The deputy testified that one notice was posted on the door of the garage, two on posts in the alley behind the postoffice, and the other two on poles out on the street, by a clothing store and by a hardware store. In another precinct, where the voting place was in a public garage next to a filling station, the deputy said he posted one at the garage, two at the filling station, one on the corner near a store, and the other by the police station. In the third precinct, where the voting place was in the city hall, the deputy said that two notices were posted in the city hall, one on a tree by the city hall, one across the street on a pole, and one on a pole near a dry goods store.

The argument for the appellant is that none of the notices were posted on either of the two main streets of the city; that the alley back of the postoffice was not used by the public; that the public garage and filling station were not accessible to pedestrians and the notices there were posted inside the buildings where they would not readily be seen; and that the city hall was on a back street and was not a place that the citizens visited in their normal daily activities.

■■ While the places selected by the deputy were perhaps not the most conspicuous, they at least were public places, and we are not convinced that they were so inconspicuous as to fail to meet the requirements of the statute. Dawson Springs is a small city, with only 2,375 inhabitants, for which the standards of conspicuousness may be considered less rigid than for a large city. Perhaps some measure of the conspicuousness is the fact that almost 1,000 people, out of the total population of 2,375, voted in the election. It would be somewhat ridiculous to say that the election was invalid on the ground that the notices were concealed in remote places, when as a matter of fact actual notice of the election was widespread.

The further contention is made that the notices were not posted two weeks before the election. The deputy who took charge of the posting stated positively that the posting was done on November 28, fifteen days before the election which was on December 13. Another deputy who assisted with the posting, and a son of the first deputy, both testified that it was done on November 28. However, there were some inconsistencies in the testimony of these three men as to when they carried the booths to Dawson Springs, which cast a little doubt as to whether they were correct concerning the date. The deputies said they were working in the office on the day before they posted the notices, and since that day was Thanksgiving it is suggested that they were in error as to the date. One witness for the appellant said he saw the men posting the notices on December 1.

■ It is our opinion that the evidence tending to establish that the notices were posted after November 28 was not sufficiently clear and convincing to overcome the deputies' positive identification of the date and the report of posting. See Pinson v. Hughes, 305 Ky. 372, 204 S.W.2d 329.

The judgment is affirmed.